(655 P.2d 133)

No. 54,050

RECORDS AND TAPES, INC., *Appellant,* v. ARGUS, INC., and ROBERT J. MILLER, JR., *Defendants;* LIEBERMAN ENTERPRISES, INC., *Intervenor-Appellee.*

 Opinion filed December 16, 1982. 

*Jim L. Lawing,* of Wichita, for appellant.

*Henry D. Edwards,* of Wichita, for appellee.

No appearance for defendants.

Before ABBOTT, P.J., STEVEN P. FLOOD, District Judge assigned, and JOHN W. BROOKENS, District Judge retired, assigned.

BROOKENS, J.: Plaintiff, Records and Tapes, Inc., took a financing statement filed July 1, 1980, with the name of debtor listed as Argus, Inc., d/b/a Argus Tapes & Records, P.O. Box 1715, 4350 Southeast Blvd., Wichita, Ks 67201. The financing statement was signed by Robert J. Miller, Jr., as president.

Intervenor, Lieberman Enterprises, Inc. (Lieberman), had theretofore taken three financing statements, all filed May 9, 1980, with the name of the debtor in each listed as Argus Tapes & Records, and each giving an address in Wichita, Kansas, corresponding to the address of a retail store operated by the debtor. Each of these financing statements was signed "Argus, Inc., Robert J. Miller, Jr."

The correct legal name of the defendant corporation is Argus, Inc.

In the fall of 1981, Argus closed its doors after its inventory was seized by a bank. It is agreed the bank had security rights prior to all the parties involved herein. The bank sold off inventory to satisfy its claim, and approximately $13,000 worth of inventory remained. The financing statement of plaintiff, Records and Tapes, and the financing statements of intervenor, Lieberman, all covered the remaining inventory, and the dispute between them here is priority of liens.

The trial court determined that Lieberman had priority, and Records and Tapes appeals.

An unperfected security is subordinate to the rights of lien creditors who acquire their liens without knowledge before such interest becomes perfected. K.S.A. 1981 Supp. 84-9-301(1)(*b*).

Proper filing creates public notice, and the clerical duties of the Secretary of State concerning filing of financing statements is governed by K.S.A. 1981 Supp. 84-9-403(4), which provides:

"Except as provided in subsection (7) a filing officer shall mark each statement with a file number and with the date and hour of filing and shall hold the statement or a microfilm or other photographic copy thereof for public inspection. In addition the filing officer shall index the statements according to the names of the debtors but shall not index the names of ·corporate officers or signatures of the debtors, shall note in the index the file number, the address of the debtor given in the statement, the date of filing, and a general description of the collateral, and shall cause the index to be accessible to the public."

K.S.A. 1981 Supp. 84-9-402 governs the formalities required in a financing statement, and provides in part:

"(1) A financing statement may be in a form prescribed by the secretary of state and shall give the names of the debtor and the secured party, shall be signed by the debtor, shall give an address of the secured party from which information concerning the security interest may be obtained, shall give a mailing address of the debtor and shall contain a statement indicating the types, or describing the items, of collateral."

"(7) A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners."

"(8) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."

The official Uniform Commercial Code comment under K.S.A. 1981 Supp. 84-9-402 notes:

"7. Subsection (7) undertakes to deal with some of the problems as to who is the debtor. In the case of individuals, it contemplates filing only in the individual name, not in a trade name. In the case of partnerships it contemplates filing in the partnership name, not in the names of any of the partners, and not in any other trade names. Trade names are deemed to be too uncertain and too likely not to be known to the secured party or person searching the record, to form the basis for a filing system. However, provision is made in Section 9-403(5) for indexing in a trade name if the secured party so desires.

. . . . .

"9. Subsection (8) is in line with the policy of this Article to simplify formal requisites and filing requirements and is designed to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have

occasionally indulged themselves. As an example of the sort of reasoning which this subsection rejects, see General Motors Acceptance Corporation v. Haley, 329 Mass. 559, 109 N.E.2d 143 (1952)."

"Argus, Inc.," was doing business under the name of "Argus Tapes & Records." Plaintiff knew this and, indeed, had listed debtor's name as "Argus, Inc. d/b/a Argus Tapes & Records." The three statements filed by Lieberman listed the correct place of business of Argus Tapes & Records.

The UCC provides a system for filing notice whereby others are put on notice of a security interest. *Allis-Chalmers Cred. Corp. v. Cheney Investment, Inc.*, 227 Kan. 4, 7-8, 605 P.2d 525 (1980). If plaintiff had searched the record, it could not reasonably have been misled, and plaintiff does not claim it searched the record and was misled. The thrust of plaintiff's argument is that since Lieberman did not precisely list the debtor's exact legal name, Lieberman had not perfected its lien and therefore plaintiff has priority. This is an oversimplification of the entire thrust of the UCC, and we cannot agree.

The question on appeal is one of the trial court's treatment of the facts of this case. In *Matter of Glasco, Inc.*, 642 F.2d 793, 795-96 (5th Cir. 1981), dealing with a Florida statute identical to K.S.A. 1981 Supp. 84-9-402(8), the U.S. Circuit Court states:

"The effect of errors in the listing of the debtor's name has been the subject of extensive litigation. *See generally* Annotation, *Sufficiency of Designation of Debtor or Secured Party in Security Agreement or Financing Statement Under UCC § 9-402*, 99 A.L.R.3d 478-565 (1980). The decisions appear generally to turn on the particular factual circumstances involved. The case here, then, must be judged on its own facts, with the focus on whether potential creditors would have been misled as a result of the name the debtor was listed by in the bank's financing statement."

In *Glasco*, the financing statement listed the debtor's name inexactly ("Elite Boats, Division of Glasco, Inc.," instead of "Glasco, Inc.") and the court further stated:

"To perfect a security interest in collateral, a creditor must file a financing statement which complies with the filing requirements of the Uniform Commercial Code, as adopted in Florida. Fla. Stat. Ann. §§ 679.9-401 *et seq.* (1966). The purpose of the filing system is to give notice to creditors and other interested parties that a security interest exists in property of the debtor. *Owen v. McKesson & Robbins Drug Co.*, 349 F. Supp. 1327, 1334 (N.D. Fla. 1972). Perfect accuracy, however, is not required as long as the financing statement contains sufficient information to 'put any searcher on inquiry.' *In re Excel Stores, Inc.*, 341 F.2d 961, 963 (2d Cir. 1965). *See also In re Fowler*, 407 F. Supp. 799, 802 (W.D. Okla.

1975). The emphasis of the Uniform Commercial Code is thus on commercial realities rather than on corporate technicalities. *Siljeg v. National Bank of Commerce,* 509 F.2d 1009, 1012 (9th Cir. 1975). Section 9-402(5) reflects this emphasis by providing: 'A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.' Fla. Stat. Ann. § 679.9-402(5) (1966). *See generally In re Hammons,* 614 F.2d 399, 405-06 (5th Cir. 1980)." 642 F.2d at 795.

Affirmed.