**John K. PEARSON, Trustee, Plaintiff,**

v.

**SALINA COFFEE HOUSE,
INC., Defendant.**

No. 84–1869.

United States District Court,
D. Kansas.

June 4, 1986.

William H. Zimmerman, Jr., McDowell, Rice & Smith, Wichita, Kan., for plaintiff.

Norman R. Kelly, Salina, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case is before the court on appeal from a decision of the bankruptcy court filed December 6, 1984, 44 B.R. 875. The court is persuaded oral argument would not be of material benefit in resolving the issue presented and therefore denies the trustee's request for oral argument.

The parties have stipulated to the relevant facts and the court finds it unnecessary to repeat them fully herein. It is sufficient to state that the trustee in bankruptcy, plaintiff, had filed a complaint to avoid defendant's security interest under 11 U.S.C. § 544. The trustee claimed the security interest taken by Salina Coffee House, Inc. was unperfected because the financing statement and accompanying documents reflected the debtor's trade name, "Hilton Inn," instead of its general partnership's legal name, "Beacon Realty Investment Co." *See* Kan.Stat.Ann. 84–9–402(7). The bankruptcy court, noting a split of authority on the issue, found the trade name filing to be sufficient to perfect

the security interest. The bankruptcy court's decision was based upon "equity principles" and focused in large part upon the fact that defendant, other creditors, and the public at large had no reason to believe "Hilton Inn" was other than an independent autonomous business. The trustee now appeals.

Kan.Stat.Ann. 84-9-402(7) provides: "A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership, or corporate name of the debtor, whether or not it adds other trade names or the names of partners..." The U.C.C. official comment to that subsection states:

> In the case of partnerships it contemplates filing in the partnership name, not in the names of any of the partners, and not in any other trade names. Trade names are deemed to be too uncertain and too likely not to be known to the secured party or person searching the record, to form the basis for a filing system.

In urging reversal of the bankruptcy court, the trustee relies upon this interpretation of the statute and upon numerous cases finding trade name to be ineffective as against a trustee in bankruptcy. *See, e.g., In re Leichter*, 471 F.2d 785 (2d Cir.1972); *In re Thomas*, 466 F.2d 51 (9th Cir.1972); *In re LFT, Ltd.*, 36 B.R. 411 (Bankr.D.Hawaii 1984); *In re My Place or Yours, Inc.*, 34 B.R. 197 (Bankr.D.Vt.1983); *In re Amsco, Inc.*, 26 B.R. 358 (Bankr.D.Conn.1982); *In re Moore*, 21 B.R. 898 (Bankr.D.Tenn. 1982).

Defendant argues that Kan.Stat.Ann. 84-9-402(7) does not state that filing under the partnership name is necessary but merely provides such filing is sufficient, that the U.C.C. does not specify whether the filing under a trade name is sufficient, and that the official comment relied upon by the trustee states the general rule to which there are exceptions. As such an exception, defendant relies upon Kan.Stat. Ann. 84-9-402(8) which states: "A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." Defendant stresses that the debtor has consistently held itself out to the public under the name "Hilton Inn"; therefore, the trade name filing is not "seriously misleading." *See In re McBee*, 714 F.2d 1316 (5th Cir.1983); (filing under trade name "Oak Hill Gun Shop" rather than under name of sole proprietor, Joe Colley, sufficient); *In re Glasco, Inc.*, 642 F.2d 793 (5th Cir.1981) (filing under trade name "Elite Boats, Division of Glasco, Inc.," instead of under corporate name of "Glasco, Inc.," not seriously misleading).

In response, the trustee cites cases holding that where there is no resemblance between a debtor's trade name and its legal name, use of the trade name in a financing statement is seriously misleading, or is beyond redemption on the theory that the error is minor and is not seriously misleading. *See, e.g., In re Leichter, supra; In re Thomas, supra; In re Merrill*, 9 U.C.C. Rep. 757 (D.Nev.1971); *In re Brown*, 7 U.C.C.Rep. 565 (D.Me.1970). Conversely, where a trade name is sufficiently related to the legal name so as to give notice of a possible prior existing security interest to anyone searching the records, cases have found a trade name filing sufficient to perfect a security interest. *See, e.g., In re Hammons*, 438 F.Supp. 1143, 1151 (S.D. Mass.1977); *In re Firth*, 363 F.Supp. 369, 372 n. 5 (M.D.Ga.1973); *In re Platt*, 257 F.Supp. 478 (E.D.Pa.1966).

Although neither the Tenth Circuit nor the Kansas Supreme Court has resolved the issue of trade name filing, the Kansas Court of Appeals has squarely addressed it in *Records & Tapes, Inc. v. Argus, Inc.*, 8 Kan.App.2d 255, 655 P.2d 133 (1982). This court is not bound by the *Argus* decision as it was not rendered by the highest court of the state. *See King v. Order of Travelers*, 333 U.S. 153, 160–61, 68 S.Ct. 488, 492–93, 92 L.Ed. 608, 613 (1948). Nonetheless, that decision is a datum for ascertaining state law which is "not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of

the state would decide otherwise." *West v. A.T.&T. Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139, 144 (1940); *see Commissioner v. Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886, 893 (1967).

The issue in *Argus* was whether a creditor filing a financing statement listing the debtor by its trade name, "Argus Tapes and Records," had priority over a creditor subsequently filing a financing statement listing the debtor by the name "Argus, Inc., d/b/a Argus Tapes and Records." The debtor's correct legal name was "Argus, Inc." The court of appeals affirmed the trial court's holding that the trade name filing was sufficient to perfect the security interest and accordingly determined that the creditor who filed first had priority.

In making that determination, the court of appeals noted Kan.Stat.Ann. 84–9–402(7) & (8) as well as the official U.C.C. comments thereto, but rejected as oversimplistic a rule that trade name filings are per se insufficient to perfect a security interest. 8 Kan.App.2d at 257, 655 P.2d 133. In recognition of the notice system of filing in Kansas, *see Allis-Chalmers Cred. Corp. v. Cheney Investment, Inc.*, 227 Kan. 4, 7–8, 605 P.2d 525 (1980), the court of appeals based its decision upon the fact that potential creditors searching the record "could not reasonably have been misled" by the trade name filing. 8 Kan.App.2d at 257, 655 P.2d 133.

The court of appeals quoted extensively from *In re Glasco, Inc., supra* at 795–96 (5th Cir.1981), stating:

> The case here, then, must be judged on its own facts, with the focus on whether potential creditors would have been misled as a result of the name the debtor was listed by in the ... financing statement.
>
> "... Perfect accuracy ... is not required as long as the financing statement contains sufficient information to "put any searcher on inquiry." *In re Excel*

*Stores, Inc.*, 341 F.2d 961, 963 (2d Cir. 1965). *See also In re Fowler*, 407 F.Supp. 799, 802 (W.D.Okla.1975). The emphasis of the Uniform Commercial Code is thus on commercial realities rather than on corporate technicalities. *Siljeg v. National Bank of Commerce*, 509 F.2d 1009, 1012 (9th Cir.1975). Section 9–402(5) reflects this emphasis by providing: 'A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.' Fla.Stat.Ann. § 679.9–402(5) (1966). *See generally In re Hammons*, 614 F.2d 399, 405–06 (5th Cir. 1980).

8 Kan.App.2d at 257–58, *quoting* 642 F.2d at 795–96. The majority in *Glasco* emphasized that the debtor did business only in the name "Elite Boats, Division of Glasco, Inc." Accordingly, filing under that name was not misleading because a reasonably prudent creditor would have requested a lien search in the name of "Elite Boats" as well as in the legal corporate name of "Glasco, Inc."

In the present case, the debtor's trade name, "Hilton Inn," had no similarity to its legal name, "Beacon Realty Investment Co." A potential creditor searching the records under the debtor's legal name would have no reason to believe that there might be a prior security interest in the involved collateral. Nor would a potential creditor searching under the debtor's trade name be put on notice that a financing statement on the identical collateral might be indexed under another name of the debtor.

The statutory scheme is designed to provide a system whereby a potential creditor will be able to ascertain with a high degree of certainty whether the potential debtor's property is burdened with security interests. It can hardly be said to be a "minor error" or not "seriously misleading" when a potential creditor of Beacon Realty Investment Co. searches the index under that

name and finds no notice of a security interest because that notice is filed under "Hilton Inn."

This court does not agree with the bankruptcy court that the instant situation, where the debtor's business was known to creditors and the public at large only under the trade name "Hilton Inn," justifies carving out an equitable exception to the general rule that a trade name filing is insufficient to perfect a security agreement. The bankruptcy court found it inequitable to "penalize Salina Coffee for failing to file in the undisclosed and unknown name of the partnership," in light of defendant's good faith and commercially prudent conduct. However, the burden placed upon Salina Coffee House to ascertain and reflect in the financing statement the debtor's legal name is minimal in comparison to the burden a contrary holding would place upon potential creditors to ascertain and search any number of trade names that may be used by a single debtor.

No allegation has been made in the present case that any potential creditor was misled. However, in litigation of this type a trustee in bankruptcy is treated as an ideal hypothetical lien claimant as of the date of bankruptcy. 11 U.S.C. § 544. The fact that no actual creditor was misled is not determinative. *See Miller v. Sulmeyer*, 263 F.2d 513, 515 (9th Cir.1959). An ideal hypothetical creditor would not have discovered Salina Coffee House's lien by examining the notice index under the debtor's real name. Accordingly, defendant's security interest is found to be unperfected. It is uncontested that the trustee in bankruptcy may set aside this security interest, if unperfected, under 11 U.S.C. § 544 and Kan.Stat.Ann. 84–9–301(1)(b). *See generally Sommers v. International Business Machines*, 640 F.2d 686 (5th Cir. 1981); *In re Southern*, 32 B.R. 761 (Bkrtcy.D.Kan.1983).

IT IS THEREFORE ORDERED that the judgment of the bankruptcy court is reversed.