STEPHEN H. ANDERSON, Circuit Judge.
 

 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument
 
 *1532
 
 would not be of material assistance in the determination of this appeal.
 
 See
 
 Fed.R. App.P. 34(a); Tenth Cir. R. 34.1.8(c) and 27.1.2. The cause is therefore ordered submitted without oral argument.
 

 This is an appeal from the district court’s reversal of an order by the bankruptcy court. The sole issue is whether the UCC-1 financing statements, filed by the appellant, Salina Coffee House (“SCH”), which listed the debtor, Beacon Realty Investment Company of Salina, d/b/a Hilton Inn (“Beacon”), under its trade name rather than under its legal name, are effective to protect SCH’s security interest against a challenge by the debtor’s trustee in bankruptcy. The district court, reversing the bankruptcy court, held that SCH’s security interest was unperfected. We affirm.
 

 SCH sold furnishings and kitchen equipment on credit to the debtor, Beacon, on several different occasions. On each occasion, SCH filed a financing statement covering the furnishings and equipment as required under Kan.Stat.Ann. § 84-9-402, except that it filed only in the debtor’s trade name “Hilton Inn” and not in the debtor’s partnership name, Beacon Realty Investment Company of Salina.
 

 The parties stipulated to the facts. Under these facts, there is no evidence that Beacon ever did business in the partnership name or any trade name other than Hilton Inn. SCH was unaware of the existence of the partnership and assumed that Hilton Inn was a legal entity. All of the sales contracts and loan documentation between SCH and Beacon listed the purchaser/debt- or as “Hilton Inn” and were signed by the hotel manager.
 

 From 1981 until 1983, Beacon made payments, as Hilton Inn, to SCH in accordance with the sales contract. On December 8, 1983, Beacon filed a Chapter 11 bankruptcy petition which was later voluntarily converted to a Chapter 7 proceeding. John Pearson, the appointed trustee, filed a complaint challenging the validity of SCH’s lien covering the equipment and furnishings sold to the Hilton Inn. Pearson claimed that the security interest held by SCH was unperfected because the financing statements listed Beacon’s trade name without including the partnership’s legal name. Pearson argued that since SCH’s interest was unperfected, his statutory rights as trustee were superior to SCH’s.
 

 SCH responded that even if a creditor must generally file in the debtor’s legal name, Kan.Stat.Ann. § 84-9-402(8) permits “minor errors which are not seriously misleading.” It argued that the Hilton Inn trade name filing was not “seriously misleading” because Beacon had consistently and exclusively held itself out to the public under that trade name.
 

 The bankruptcy court ruled that, under the conditions of this case, it was sufficient to file only in the trade name since “in an equity sense it seems extremely harsh to penalize Salina Coffee for failing to file in the undisclosed and unknown name of the partnership.”
 
 Pearson v. Salina Coffee House, Inc. (In re Beacon Realty Inv. Co.),
 
 44 B.R. 875, 879 (Bankr.D.Kan.1984),
 
 rev’d,
 
 61 B.R. 538 (D.Kan.1986). The district court reversed, holding that allowing a creditor to file only in a trade name would place an impermissible burden “upon potential creditors to ascertain and search any number of trade names that may be used by a single debtor.”
 
 Pearson v. Salina Coffee Home, Inc.,
 
 61 B.R. 538, 541 (D.Kan.1986). The district court further held that the fact that no creditors were actually misled was not determinative since the trustee in bankruptcy is treated as an ideal hypothetical lien claimant as of the date of the bankruptcy and has priority over any unperfected interest.
 

 The Bankruptcy Code confers on a trustee in bankruptcy the same rights that an ideal hypothetical lien claimant without notice possesses as of the date the bankruptcy petition is filed. 11 U.S.C. § 544(a). Section 544(a) allows the trustee to avoid any unperfected liens on property belonging to the bankruptcy estate. Under this provision, SCH will be an unsecured creditor in the debtor’s bankruptcy unless its security interest in the debtor’s furnishings and equipment was properly perfected.
 

 Although the rights of the trustee as a lien creditor are governed by federal
 
 *1533
 
 law, our determination of whether SCH possesses a perfected security interest which has priority over the trustee as a lien creditor is controlled by Kansas state law.
 
 In re Chaseley’s Foods, Inc.,
 
 726 F.2d 303, 307 (7th Cir.1983);
 
 see also Havee v. Belk,
 
 775 F.2d 1209, 1218-19 (4th Cir.1985). Kansas has adopted the UCC which requires that SCH file a financing statement to perfect its security interest in the furniture and equipment it sold to Beacon. The formal requirements concerning the contents of a financing statement are set forth in Kan.Stat.Ann. § 84-9-402. Subsection (7) provides:
 

 A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners.
 

 SCH correctly argues that this provision does not expressly answer whether filing solely in the debtor’s trade name may also be sufficient under some circumstances.
 
 [1]
 
 The Official UCC Comment suggests that a trade name is not sufficient:
 

 Subsection (7) undertakes to deal with some of the problems as to who is the debtor. In the case of individuals, it contemplates filing only in the individual name, not in a trade name. In the case of partnerships it contemplates filing in the partnership name, not in the names of any of the partners, and not in any other trade names. Trade names are deemed to be too uncertain and too likely not to be known to the secured party or person searching the record, to form the basis for a filing system.
 
 [2]
 

 Kan.Stat.Ann. § 84-9-402 Official Comment 7 (1983). SCH argues that the Official Comment sets forth the general rule to which there are exceptions. The 1983 Kansas Comment
 
 [3]
 
 to subsection (7) does not specifically mention partnerships, but it expressly rejects the sole use of the trade names of individuals and corporations:
 

 Perhaps the most important rule found in this subsection [ (7) ] is that a financing statement must be indexed in the name of the individual, not the trade name, when a sole proprietorship is in-volved_ Adding a trade name is neither necessary nor sufficient for perfection. If a corporate debtor is involved, the financing statement should show the corporate name. For example, if the debtor is the Carruthers Catfish Division of Associated Industries, Inc., the name should be shown as “Associated Industries, Inc.” with an indexing following that name. See Official Comment 7. On the other hand, if a division or trade
 
 *1534
 
 name is quite similar to the corporate name, use of the trade name in the financing statement might not be “seriously misleading” under 84-9-402(8) and thus might pass muster. So it was in
 
 Records & Tapes, Inc. v. Argus, Inc.,
 
 8 K.A.2d 255 [655 P.2d 133] (1982)....
 

 Kan.Stat.Ann. § 84-9-402, Kansas Comment 7. Although the Kansas Comment does not discuss partnerships specifically, there is no reason to believe that the rule would be different than that for sole proprietors and corporations. In each case, the name of the individual(s) or entity legally responsible for the debt must be used in the financing statement.
 

 SCH argues that filing in the trade name, even if technically improper, is acceptable in this case under the provisions of subsection 9-402(8):
 

 A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.
 
 [4]
 

 Kan.Stat.Ann. § 84-9-402(8). Since the debtor has never held itself out to the public in any other name than “Hilton Inn,” SCH argues that it was not seriously misleading under subsection (8) to file the financing statement in the trade name.
 

 There are no rulings by the Kansas Supreme Court on subsections (7) and (8). The Kansas Court of Appeals has considered these sections under circumstances where the debtor’s trade name, which was similar to its corporate name, was incorrectly listed on a financing statement.
 
 See Records & Tapes, Inc. v. Argus, Inc.,
 
 8 Kan.App.2d 255, 655 P.2d 133 (1982). In
 
 Records & Tapes,
 
 the debtor’s corporate name was “Argus, Inc.” Two financing statements were filed and each was secured, at least in part, by the same inventory. The first statement was filed under the debtor’s trade name, “Argus Tapes and Records.” The second statement was filed two months later under the name of “Argus, Inc. d/b/a Argus Tapes and Records.” The court held that the first financing statement, filed in the trade name, was sufficient to perfect the creditor’s interest. The court based its decision on the “minor errors” exception of subsection (8):
 

 If plaintiff had searched the record, it could not reasonably have been misled, and plaintiff does not claim it searched the record and was misled. The thrust of plaintiff’s argument is that since [the creditor] did not precisely list the debt- or’s exact legal name, [the creditor] had not perfected its lien and therefore plaintiff has priority. This is an oversimplification of the UCC, and we cannot agree.
 

 Id.
 
 at 134.
 
 See also
 
 Kan.Stat.Ann. § 84-9-402, Kansas Comment 9 (1983). In
 
 Records and Tapes,
 
 the court quoted from the Fifth Circuit’s decision in
 
 Brushwood v. Citizens Bank (In re Glasco, Inc.),
 
 642 F.2d 793 (5th Cir. Unit B 1981), to support its reliance on the “minor errors” exception of subsection (8). In
 
 Glaseo,
 
 the court held that filing under the trade name “Elite Boats Division of Glaseo, Inc.” as opposed to the legal corporate name “Glasco, Inc.” was not seriously misleading. In a split decision, the court acknowledged that the filing was not cross-indexed under Glaseo, Inc., but emphasized that the debtor did business only in the trade name. The court concluded that the filing was not misleading because a reasonably prudent creditor would have searched under the trade name
 
 *1535
 
 as well as the legal corporate name.
 
 Id.
 
 at 1325.
 
 [5]
 

 Two years after the
 
 Glaseo
 
 decision, the Fifth Circuit in
 
 National Bank v. West Texas Wholesale Supply Co. (In re McBee),
 
 714 F.2d 1316 (5th Cir.1983), held that a filing under the trade name of a sole proprietor was sufficient under the facts of the case to perfect the security interest.
 
 [6]
 
 In
 
 McBee,
 
 National Bank made a loan secured by the inventory of the business and filed its financing statement solely under the trade name “Oak Hill Gun Shop.” Subsequent to this loan, two other lenders made loans secured by inventory in which they each filed a financing statement which included the legal name of the sole proprietor.
 
 [7]
 
 McBee, the owner of the gunshop, later filed for bankruptcy and the trustee argued that National Bank’s security interest in inventory was unperfected. Relying heavily on
 
 Glaseo,
 
 the court held that the filing was not seriously misleading and, therefore, that National Bank’s interest was perfected.
 
 Id.
 
 at 1325. Since it was first to file, National was given priority over the trustee and the other two creditors with perfected security interests.
 

 Without citing
 
 Tapes & Records
 
 or the Kansas Comment, SCH bases its argument that its interest is perfected almost exclusively upon
 
 Glaseo
 
 and
 
 McBee. Tapes and Records
 
 quoted from
 
 Glaseo
 
 to support its conclusion that the filing under Argus Tapes and Records was not seriously misleading pursuant to subsection (8). The facts of
 
 Tapes & Records,
 
 however, are considerably different from the facts of
 
 Glaseo.
 
 Unlike
 
 Glaseo, Tapes & Records
 
 involved a trade name and corporate name which both shared an identical, less common first name, making it possible to discover the trade-name filing when searching the index for the legal name. The Kansas Comment cites
 
 Tapes and Records
 
 approvingly for the proposition that when a trade name is similar to the corporate name it may not be seriously misleading.
 

 However, the 1983 Kansas Comment implicitly rejects the holdings of both
 
 Glaseo
 
 and
 
 McBee. McBee
 
 involved a filing under a sole proprietor’s trade name which bore no resemblance to the owner’s name. The Kansas Comment emphasizes that “perhaps the most important rule” in subsection (7) “is that a financing statement
 
 must
 
 be indexed in the name of the individual, not the trade name, when a sole proprietorship is involved.” Kan.Stat.Ann. § 84-9-402, Kansas Comment 7 (emphasis added).
 

 In
 
 Glaseo,
 
 the creditor filed in a debtor corporation’s trade name. The Kansas Comment states that “[i]f a corporate debt- or is involved, the financing statement should show the corporate name.”
 
 Id.
 
 The example the Comment uses looks very similar to the facts of
 
 Glaseo,
 
 but the Comment states that the corporate name should be used under such circumstances. It then offers an example of an erroneous trade name filing which looks very much like the situation involved in Glaseo.
 
 [8]
 

 Id.
 

 
 *1536
 
 We agree with the district court that under Kansas law “[i]t can hardly be said to be a ‘minor error’ or not ‘seriously misleading’ when a potential creditor of Beacon Realty Investment Co. searches the index under that name and finds no notice of a security interest because that notice is filed under ‘Hilton Inn.’ ”
 
 Pearson,
 
 61 B.R. at 540-41. Subsection (7), not subsection (8), must provide the basis to support SCH’s claim. If subsection (7) is interpreted as requiring use of the legal name then use of the trade name fails unless it is coincidentally similar to the legal name so as to be not “seriously misleading.” If, on the other hand, subsection (7) is read as permitting use of the trade name alone under some circumstances, then it is unnecessary to invoke the saving provisions of subsection (8) since no “error” was in fact made.
 

 The rigid requirement that a debtor’s legal name be used on the financing statement furthers the objectives of the UCC filing system for secured transactions. The purpose behind the filing provisions is to provide notice to subsequent creditors in a manner which will give such creditors confidence that they are aware of any prior security interests in the collateral that may be superior to their own interest. Clarity and certainty in lien perfection requirements are lost if equitable exceptions are created which permit trade name filings to replace filings in the legal name when the “equities” so dictate. The UCC provides that filing in the debtor’s legal name is sufficient notice, although a creditor may, at its option, also file in the trade name(s) of the debtor. If use of the legal name is necessary to perfect the interest, then a creditor can be confident that all security interests with priority over its own interest will be located under the same name.
 
 [9]
 
 If a trade name is ever deemed to be sufficient in
 
 any
 
 case where it bears no similarity to the debtor’s legal name, then future creditors must
 
 always
 
 search under any and all trade names before assuring themselves that they have discovered prior interests. This is so because they will not know at the time they file a financing statement whether the equities will be in their favor if their priority is later contested in court by a creditor who filed in a trade name prior to their filing.
 

 This is true even in a case such as this, where the debtor ceases doing business without ever operating in a name other than its trade name. Perfection occurs at the time the financing statement is properly filed or when the debtor receives the collateral, whichever occurs last. Under the position that SCH urges us to adopt, perfection could not be determined until an after-the-fact judicial inquiry revealed that all creditors had filed in the same trade name and possibly that no other persons were aware of the legal name. This hindsight approach to perfection threatens the simplicity the system was designed to achieve.
 

 The bankruptcy court based its opinion primarily on the equities of this case, stating that it would be “extremely harsh” and “onerous” to hold that SCH’s interest is unsecured. While the fact that no other creditor was actually misled in this case makes the result seem harsh, we are equally mindful of the mischief that would be created by allowing the trade name filing to be sufficient for perfection. If a creditor sues a debtor to recover its collateral, it is expected to sue in the debtor’s legal name. It is not a serious burden to require the creditor to ascertain the legal name of the debtor at the time it files a financing statement as well. If a creditor inquires of a debtor as to its legal name and is intentionally misled, a different result might be appropriate. That is not the case here. “The secured creditor, as maker of the perfecting documents, is charged with the
 
 *1537
 
 responsibility for their compliance. Therefore, any deviation which causes these documents to be seriously misleading is the burden of the creditor to bear.”
 
 In re Hinson & Hinson, Inc.,
 
 62 B.R. 964, 968 (Bankr.W.D.Penn.1986). Although the language of subsection (7) itself does not definitively answer the question before us, the Kansas Comment states strongly that use of the debtor’s trade name is “neither necessary nor sufficient for perfection.” We agree with that Comment.
 

 CONCLUSION
 

 We hold that, under Kansas law, SCH’s interest is unperfected. The rights conferred by § 544 of the Bankruptcy Code give the trustee the power to avoid unper-fected security interests. SCH, therefore, is an unsecured creditor of the bankruptcy estate.
 

 AFFIRMED.
 

 [1]
 

 . Without taking a position on the issue, White & Summers agree that the subsection does not answer the question of whether a trade name filing might be sufficient under some circumstances.
 
 See
 
 J. White & R. Summers, Uniform Commercial Code § 23-16, at 959 (2d ed. 1980). Prior to the 1972 revision of Article 9, § 9-402 did not expressly require any more than the signature of the debtor. Nonetheless, even under that version of the Code, courts held that the legal name was necessary.
 
 See, e.g., McMillin v. First Natl Bank & Trust Co. (In re Fowler),
 
 407 F.Supp. 799 (W.D.Okla.1975);
 
 In re Firth,
 
 363 F.Supp. 369 (M.D.Ga.1973);
 
 In re Levins,
 
 7 U.C. C.Rep.Serv. (Callaghan) 1076 (Bankr.E.D.N.Y.1970).
 

 [2]
 

 . The Official Comment similarly rejects filings made in the trade name of a sole proprietor or a corporation.
 
 See
 
 Official Comment 7.
 

 [3]
 

 . The 1983 Kansas Comments follow the Official Comments in each section of the Kansas codification of the Uniform Commercial Code. The Kansas Supreme Court frequently looks to these Comments for guidance when interpreting provisions of the Code.
 
 See, e.g., Cricket Alley Corp.
 
 v.
 
 Data Terminal Sys., Inc.,
 
 240 Kan. 661, 732 P.2d 719, 724-725 (1987) (article
 
 2); In re Protest of Stroyer,
 
 239 Kan. 136, 716 P.2d 588, 593 (1986) (article 9);
 
 Northeast Kansas Prod. Credit Assoc. v. Ferbrache,
 
 236 Kan. 491, 693 P.2d 1152, 1155 (1985) (article 9);
 
 Iota State Bank v. Bolan,
 
 235 Kan. 175, 679 P.2d 720, 728 (1984) (article 1).
 
 See also Dick Hatfield Chevrolet, Inc. v. Bob Watson Motors, Inc.,
 
 10 Kan.App.2d 350, 699 P.2d 566, 570 (relying heavily upon the 1983 Kansas Comment to support its rejection of an early Kansas Supreme Court case construing article 9),
 
 rev'd on other grounds,
 
 238 Kan. 41, 708 P.2d 494 (1985). When faced with unsettled issues of Kansas state law, this circuit similarly has relied on the 1983 Kansas Comments for guidance.
 
 See, e.g., Maxi Sales Co. v. Critiques, Inc.,
 
 796 F.2d 1293, 1299 (10th Cir.1986) (article 9);
 
 United States v. Collingwood Grain, Inc.,
 
 792 F.2d 972, 974 (10th Cir.1986) (article 9);
 
 Holiday Rambler Corp. v. First Nat'l Bank & Trust Co.,
 
 723 F.2d 1449, 1452 (10th Cir.1983) (article 2).
 

 [4]
 

 . Official Comment 9 states that "[s]ubsection (8) is in line with the policy of this Article to simplify formal requisites and filing requirements and is designed to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have occasionally indulged themselves.” The Kansas Comment adds that subsection (8) "embodies the notion that
 
 de minimus
 
 errors in a financing statement should not be fatal. It promotes simplification and reduction of formal requisities by making financing statements effective even though they contain minor errors which are not seriously misleading to a third party searching the files.... An example of a
 
 de minimus
 
 error might be the name of the debtor designated as ‘ABC Corp.’ rather than 'ABC Co., Inc.’ On the other hand, mistakenly designating ‘ABC Corp.’ as ‘BCA Corp.’ would probably be a substantial error since the indexing would be totally thrown off.” Kan.Stat.Ann. § 84-9-402, Kansas Comment 9 (1983).
 

 [5]
 

 .
 
 The dissent argued that the majority’s result contained “the seeds for future mischief’ since “[fjuture creditors must now anticipate mistakes by would-be secured creditors in order not to be ensnared in the hindsight of courts.”
 
 Glasco,
 
 642 F.2d at 797, 799.
 
 See also
 
 Morris,
 
 The Fruits of Mischievous Seeds: Notice Filing Under Article 9 and the Continuing Problem of Trade Names,
 
 11 U.Dayton L.Rev. 241 (1986).
 

 [6]
 

 .
 
 McBee
 
 was decided a year after
 
 Tapes and Records
 
 and has neither been discussed nor cited by the Kansas courts.
 

 [7]
 

 . The two subsequent financing statements were filed under the names of two different sole proprietors because the ownership was transferred in the interim. The first statement was filed by Wholesale Supply under "Joe B. Colley d/b/a Oak Hill Gun Shop” and the second was filed by Republic Bank under "C.K. McBee dba Oak Hill Gun Shop.”
 

 [8]
 

 .A number of other courts have rejected the use of trade names which vary significantly from the debtor's legal name.
 
 See, e.g., Northern Commercial Corp. v. Friedman (In re Leichter),
 
 471 F.2d 785 (2d Cir.1972);
 
 Van Dusen Acceptance Corp. v. Gough (In re Thomas),
 
 466 F.2d 51 (9th Cir.1972);
 
 Citizens Bank v. Ansley,
 
 467 F.Supp. 51 (M.D.Ga.),
 
 aff’d,
 
 604 F.2d 669 (5th Cir.1979);
 
 Bank of Mississippi
 
 v.
 
 Pongetti (In re Hill),
 
 363 F.Supp. 1205 (N.D.Miss.1973);
 
 Covey v. Hollis Eng'ng, Inc. (In re Covey),
 
 66 B.R. 459 (Bankr.D.N.H.1986);
 
 In re Hinson and Hinson, Inc.,
 
 62 B.R. 964 (Bankr.W.D.Penn.1986);
 
 In re Swati, Inc.,
 
 54 B.R. 498 (Bankr.N.D.Ill.1985);
 
 In re LFT, Ltd.,
 
 36 B.R. 411 (Bankr.D.Haw.1984);
 
 In re My Place or Yours, Inc.,
 
 34 B.R. 197 (Bankr.D.Vt.1983);
 
 Bell v. Ameritrust
 
 
 *1536
 

 Co. (In re Moore),
 
 21 B.R. 898 (Bankr.E.D.Tenn.1982).
 
 See also In re Lintz W. Side Lumber, Inc.,
 
 655 F.2d 786 (7th Cir.1981).
 

 [9]
 

 . Minor errors under subsection (8) do not alter this rule since, to be a minor error, it is usually assumed that the security interest will be discovered in the course of searching under the debt- or’s legal name.
 
 See, e.g., In re Excel Stores, Inc.,
 
 341 F.2d 961 (2d Cir.1965) (filing in "Excel Dep’t Stores" instead of "Excel Stores, Inc.”);
 
 McMillin v. First Nat'l Bank & Trust Co. (In re Fowler),
 
 407 F.Supp. 799, 803 (W.D.Okla.1975).