**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: TROY MIKE BARTLETT, d/b/a
Troy Mike Bartlett Trucking, and
ELIZABETH RENEE BARTLETT,

        Debtors,

_____

PATRICK J. MALLOY, III,

        Appellant,

v.

GENERAL ELECTRIC CAPITAL
CORPORATION,

        Appellee.

No. 01-5048
(D.C. No. 00-CV-967-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

* The case is unanimously ordered submitted without oral argument according to the parties' request for a decision on the briefs and pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

General Electric Capital ("GE Capital") holds a security interest on a truck that is part of a bankruptcy estate. Under Oklahoma law, a creditor's security interest is not perfected until it submits a "lien entry form" to the state's tax commission. GE Capital submitted such a form but failed to include the date on which its security interest was created. A single issue confronts us on appeal: Did this omission invalidate GE Capital's security interest? The bankruptcy court answered the question in the negative, and the district court agreed. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm the decision of both the bankruptcy and district courts that the trustee cannot void GE Capital's lien.

**I**

We review the legal rulings of a bankruptcy court and district court de novo. Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994). Though we review factual findings for clear error, id., there is no need for any such review here. The parties stipulate to the following relevant facts:

In December 1997, debtors Mike and Elizabeth Bartlett borrowed money from NationsCredit to purchase a 1993 Peterbilt truck. As part of the transaction, they signed a security agreement granting NationsCredit a lien on the truck. The truck's title reflected that lien. Seven months later, in August 1998,

NationsCredit assigned its security interest in the truck, including its lien, to GE Capital.

On April 22, 1999, intending to perfect its lien, GE Capital filed a lien entry form with the Motor Vehicle Division of the Oklahoma Tax Commission. Though the form identified the debtors and their address, described the truck, including its vehicle identification number, and listed the name and address of GE Capital as the lien-holder, it omitted the date of the underlying security agreement from the box labeled "Date of Security Agreement." (Appellant's App. at 7.)

In October 1999, the Bartletts filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. The bankruptcy court appointed Patrick Malloy as trustee. It rejected his effort to avoid GE Capital's lien on the Bartletts' truck, a decision later upheld by the district court. The trustee appeals.

## II

Charged with the duty to marshal the bankruptcy estate's assets, the trustee claims that Oklahoma law requires that the lien entry form contain the date of the security agreement. He contends that the omission of the date renders GE Capital's security interest in the Bartletts' truck unperfected under Oklahoma law—the law that controls since state law determines the validity and effect of liens in bankruptcy proceedings. Pearson v. Salina Coffee House, Inc., 831 F.2d 1531, 1533 (10th Cir. 1987). Under the powers conferred on him by 11 U.S.C.

§ 544, the trustee seeks to avoid the lien on the truck and thereby transform

GE Capital from a secured creditor into an unsecured creditor. The so-called

"strong arm" powers of 11 U.S.C. § 544 grant the trustee the status of a

hypothetical lien creditor, entitling him to cancel certain transfers and obligations

of a debtor, including unperfected liens on property belonging to the bankruptcy

estate. Pearson, 831 F.2d at 1532.

**A**

The trustee is correct that Oklahoma's motor vehicle lien perfection statute

does indeed require a creditor to submit a lien entry form with the state's tax

commission, and that the statute further requires the creditor to state on the form

the date that the underlying security interest arose. Okla. Stat. tit. 47,

§ 1110(A)(1). But the trustee ignores another, equally important aspect of

Oklahoma's perfection statute. That statute expressly states that "[i]n all other

respects" the provisions of the U.C.C., which Oklahoma has adopted, "shall be

applicable to such security interests in vehicles."         Id.

This incorporation of the U.C.C. into Oklahoma's motor vehicle lien

perfection statute is critical to our decision. Oklahoma law, mirroring Article 9

of the U.C.C., makes clear that "minor errors which are not seriously misleading"

do not undermine the validity of a lien entry form. Okla. Stat. tit. 12A, § 9-

402(5). [1] This is true so long as the form submitted to the state "substantially compl[ies]" with the requirements of the statute.     Id.

Oklahoma's Supreme Court has applied this language to automobile liens. Observing that the purpose of the lien entry form is merely to alert potential purchasers or creditors about a lien on a vehicle, the court has said that a form containing only "minor errors" still serves its notice function.     Woodson v. Ford Motor Credit Co. (In re Cook)   , 637 P.2d 588, 590 (Okla. 1981).  The court reasoned that such errors are unlikely to mislead potential creditors or purchasers, so long as the lien entry form is "in substantial compliance with the [statute]." Id. at 591.

**B**

There is no dispute that GE Capital's lien entry form contains all of the statutorily required information, save the date of the underlying security interest. The trustee concedes, furthermore, that if the form substantially complies with Oklahoma's perfection statute, GE Capital's security interest in the truck remains intact.  We conclude that the form does substantially comply with the statute; we also conclude that the trustee, as well as any other interested party, received adequate notice of GE Capital's lien.  In short, we conclude that GE Capital's

---

[1] Effective July 1, 2001, Oklahoma's Article 9 was repealed and renumbered. Former Oklahoma Statutes title 12A, Section 9-402(5) is now codified at Oklahoma Statutes title 12A, Section 1-9-506(a).

failure to identify the date of the security agreement constitutes little more than a "minor error," one that scarcely qualifies as "seriously misleading."

We rest our decision in large part on the careful analysis offered by the bankruptcy court in In re Suddarth, 222 B.R. 352 (Bankr. N.D. Okla. 1998), aff'd, 201 F.3d 449 (10th Cir. 1999) (unpublished table decision). On similar facts—the failure to include the date of the security agreement—the Suddarth court ruled that because the contested lien entry form substantially complied with the motor vehicle perfection statute, the trustee could not avoid the creditor's lien. Id. at 353, 357. The same is true here.

Even a cursory glance at the lien entry form reveals that GE Capital claimed a lien on the Bartletts' truck well before their bankruptcy petition was filed. GE Capital claimed a lien arising at least by April 22, 1999, the date the lien entry form was signed by a GE Capital representative and filed with the Oklahoma Tax Commission. Similarly, just as the Suddarth court observed, if the trustee or any other creditor or purchaser had additional questions about the nature of the lien or wanted to know the precise date on which it arose, a simple phone call or letter to GE Capital would have satisfied that curiosity. Id. at 356–57. Indeed, the form invited such contact, containing both the name and

address of the relevant GE Capital agent. Thus, the lack of the date can hardly be considered "seriously misleading." [2]

We draw still more support from the Oklahoma Supreme Court's decision in In re Cook. There the bankruptcy court certified the following question for the state court: Does misstating the date of the security agreement on a lien entry form "defeat[] the secured party's perfection"? In re Cook, 637 P.2d at 589. The answer to that question, said Oklahoma's highest court, is a resounding no—a conclusion it found plain in light of the liberal construction principles of the U.C.C.:

> We see no reason to adopt outmoded and harsh principles of construction in interpreting the sufficiency of perfecting a vehicle security agreement when most, if not all, other goods are subject to the liberal definitions of the Code. The Legislature rejected such archaic, strict construction when it passed the Code provisions . . . . It further affirmed its conviction that the Code principles should apply when it incorporated the very language of the Code into [the motor vehicle lien perfection statute].

Id. at 590. [3]

---

[2] We therefore find the trustee's attempt to distinguish Suddarth on the facts unavailing. While there is a significantly greater gap in time between the transfer of the security interest and the filing of the form in this case compared to Suddarth, see In re Suddarth, 222 B.R. 352, 353 (Bankr. N.D. Okla. 1998), aff'd, 201 F.3d 449 (10th Cir. 1999) (unpublished table decision), the trustee has made no showing of why this time gap might be relevant or might have been seriously misleading.

[3] The bankruptcy court actually certified two questions for the state court. The second asked whether case law under the U.C.C. regarding substantial compliance
(continued...)

Applying those same U.C.C. interpretative guides here, and in light of the purpose of Oklahoma's perfection statute, we see little distinction between misstating the date of the security agreement and omitting it altogether.  Further, because we cannot perceive the state court saying otherwise, we decline the trustee's invitation to certify the issue to Oklahoma's Supreme Court (the issue, of course, being the legal effect of omitting the date of the security agreement from the lien entry form).  We see no benefit from burdening the Oklahoma Supreme Court with a rather pedestrian legal issue, particularly given our view that its resolution flows easily and logically from a well-settled principle announced by that court more than twenty years ago.    See Boyd Rosene & Assocs. v. Kan. Mun. Gas Agency  , 178 F.3d 1363, 1365 (10th Cir. 1999) ("A court must consider whether certification will conserve the time, energy, and resources of the parties as well as of the court itself.").

## C

Finally, the trustee insists that he can avoid the lien on the Bartletts' truck even if he was never misled by the omission or even if he actually knew that GE Capital claimed such a lien.  As he says, "[a]ctual knowledge is irrelevant" for

---

[3](...continued)
and the perfection of a security interest may be used to interpret Oklahoma's motor vehicle lien perfection statute.    Woodson v. Ford Motor Credit Co. (In re Cook) , 637 P.2d 588, 589 (Okla. 1981).  The court answered this question with a yes.  Id. at 591.

purposes of exercising a trustee's strong arm powers under 11 U.S.C. § 544. (Appellant's Br. at 6.) We reject this claim.

The trustee's argument assumes away a vital precondition to the exercise of his avoidance powers. He acquires those powers only if GE Capital's security interest is unperfected. For if it is not (i.e., if it is perfected), he lacks statutory authority to act, since "[t]he rights conferred by § 544 of the Bankruptcy Code give the trustee the power to avoid unperfected security interests." Pearson, 831 F.2d at 1537 (emphasis added).

We have said above that GE Capital did in fact perfect its security interest in the truck, a conclusion that rests on our conclusion that its insignificant omission from the lien entry form was not misleading. We were obliged to conduct this inquiry, as we have said, by Oklahoma law, which states that a lien entry form is valid so long as it is not "seriously misleading." Okla. Stat. tit. 12A, § 9-402(5). This in turn required us to consider whether the minor error seriously misled any creditors or the trustee. Determining whether a trustee had actual knowledge of a lien would be part of the analysis of whether he had been seriously misled by the error. Thus, whether the trustee was seriously misled or even had actual knowledge of the lien is very relevant to our determination of whether the lien is perfected, which in turn determines whether the trustee has power to avoid the lien.

AFFIRMED.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge