In re Terrance George O'NEILL and
Cynthia D. O'Neill, Debtors.

Jeffrey L. Hill, Chapter 7
Trustee, Plaintiff,

v.

WFS Financial, Inc., Defendant.

Bankruptcy No. 05–27079 ABC.
Adversary No. 05–1739 ABC.

United States Bankruptcy Court,
D. Colorado.

June 8, 2006.

James T. Reed, Denver, CO, for Debtors.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

A. BRUCE CAMPBELL, Bankruptcy Judge.

THIS MATTER comes before the Court on the Cross–Motions for Summary Judgment filed by Plaintiff, Jeffrey L. Hill ("Plaintiff" or "Trustee") and Defendant WFS Financial Services, Inc. ("Defendant") on March 3, 2006. The Court finds and concludes as follows:

Federal Rule of Civil Procedure 56(c), which is made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In this case, summary judgment is appropriate because Plaintiff and Defendant have filed a Joint Statement of Stipulated Facts and Law which includes the following material facts:

The Debtors, Terrance and Cynthia O'Neill ("Debtors") filed a Chapter 7 petition on July 12, 2005 (the "Petition Date"). Plaintiff is the Chapter 7 Trustee of the Debtor's estate. On July 2, 2005, the Debtors purchased a 2005 Mazda (the "Vehicle") from John Elway Olds Mazda Hyundai North ("Elway"). Defendant financed the Debtors' purchase of the Vehicle. The Debtors took possession of the Vehicle and Elway assigned its security interest in the Vehicle to Defendant on the date of purchase. Nine days after the purchase of the Vehicle, and one day prior to the Petition Date, on July 11, 2005, Defendant submitted the title and lien documents to the Boulder County Clerk and Recorder ("Clerk"). Sixteen days after the purchase of the Vehicle, and six days after the Petition Date, on July 18, 2005, the Clerk entered the lien information for Defendant's lien into the DMV database. The title to the Vehicle shows "Date Filed" and "Date Accepted" for the lien as July 18, 2005. The Debtors did not make any payments on the loan prior to the Petition Date. As of February 1, 2006, the Debtors had paid $3,551.36 to Defendant on account of the loan on the Vehicle.

Plaintiff filed this adversary proceeding seeking to avoid Defendant's lien under 11

U.S.C. § 544(a) and/or 11 U.S.C. § 547(b) [1], and to preserve it for the benefit of the estate. Plaintiff's complaint also sought recovery of the pre- and post-petition payments made by the Debtors to Defendant on account of the loan on the Vehicle. Based on the fact that no payments were made by the Debtors pre-petition, Plaintiff has stipulated to the dismissal of this claim, which was the Third Claim for Relief in the Complaint. He has also stipulated to the dismissal of his First Claim for Relief to void the lien as a preference under § 547(b).

Thus, Plaintiff's only remaining claims are the Second, Fourth, Fifth and Sixth Claims for Relief. These are the claims to avoid Defendant's lien under § 544(a) and to preserve it for the benefit of the estate under § 551, and the claims to recover the post-petition payments to Defendant as proceeds of the avoided lien or as a part of the "value" of the avoided lien.

■ Section 544(a) gives a trustee the same rights that an ideal hypothetical judgment lien creditor possesses as of the date the bankruptcy petition is filed. Consequently, § 544(a) allows the trustee to avoid any unperfected liens on property belonging to the bankruptcy estate. *In re Charles*, 323 F.3d 841 (10th Cir.2003)(citing *Pearson v. Salina Coffee House, Inc.*, 831 F.2d 1531 (10th Cir.1987)). A hypothetical judgment lien creditor can defeat the interest of a creditor holding an unperfected lien on a motor vehicle. *In re Richards*, 275 B.R. 586 (Bankr.Colo.2002) The determination of whether a creditor's security interest is unperfected, and therefore avoidable under § 544(a), is controlled by state law. *Charles, supra; In re Yeager Trucking*, 29 B.R. 131 (D.Colo.1983).

■ This Court has previously determined that, in order for a security interest in a motor vehicle to be perfected, the lien must be entered in the motor vehicle database. *See, Rodriguez v. Americredit (In re Maes)*, Adv. Pro. No. 05–1729 (May 5, 2006). *See, also, In re Baker*, 338 B.R. 470 (Bankr.D.Colo.2005). Under this analysis, Defendant's lien was not perfected until July 18, 2005, six days after the Debtors' bankruptcy was filed, and would be voidable by the Trustee under § 544(a). The facts of this case, however, require the consideration of the effect of limitations on the Trustee's powers found at § 546(b)(1)(A).

■ Section 546(b)(1)(A) provides that the avoidance powers of a trustee under § 544 are subject to "any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection ..." The purpose of this limitation, as reflected in the legislative history, is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom state law protects by allowing them to perfect their liens ... as of an effective date that is earlier than the date of perfection." S.Rep.No. 989, 95th Cong., 2d Sess. 86–87, U.S.Code Cong. & Admin.News 1978, p. 5787 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 371–72, U.S.Code Cong. & Admin.News 1978, p. 5787 (1977). In order to show it is entitled to the protection of § 546(b)(1)(A), creditor must demonstrate: (1) a generally applicable (i.e.non-bankruptcy) law, that (2) permits perfection of a security interest, and (3) allows the security interest to be effective against any entity that acquires rights in the property before the date of perfection.

**1.** All future statutory references to "Section" will be to Title 11 of the United States Code, unless otherwise noted.

*In re Microfab, Inc.,* 105 B.R. 152 (Bankr. D.Mass.1989).

■ The Colorado Certificate of Title Act is not a "generally applicable law that permits" relation back of perfection, because that statute has no provision for relation back of perfection to a date prior to the date the lien is entered into the database. Although some states do have statutes allowing the date of perfection of a lien on a motor vehicle to relate back to the date lien documents are presented to the proper state official or to the date of the creation of the lien, Colorado is not one of them. *See, In re Baker, supra.* (Noting that Georgia, Alabama, Connecticut, Florida, Louisiana, and New Hampshire have relation back provisions, but Colorado does not.)

However, Defendant has argued that the provision in the Colorado Uniform Commercial Code allowing relation back of purchase-money security interests applies to liens on automobiles. The applicable section is C.R.S. § 4–9–317(e) which provides that if the holder of a purchase-money security interest files a financing statement within twenty days after the debtor receives the collateral, the security interest will take priority over an intervening lien creditor.[2] Defendant never filed a financing statement with respect to its purchase-money security interest in the Vehicle, because C.R. S. § 4–9–311(a) provides that the filing of a financing statement is neither necessary nor effective to perfect a security interest in property subject to a certificate-of-title statute. However, Defendant relies on C.R.S. § 4–9–311(b) which states that compliance with the requirements of a certificate of title statute is "equivalent to the filing of a financing statement."

Defendant contends that it "complied" with the Colorado Certificate of Title Act on July 18, 2005, when its lien was noted in the DMV database. Therefore, under § 4–9–311(b), this "compliance" was the "equivalent" to filing a financing statement to perfect its purchase money security interest on July 18, 2005. Defendant argues that since July 18 was within twenty days of the date the Debtors took possession of the Vehicle, C.R.S. § 4–9–317(e) and 11 U.S.C. § 546(b)(1)(A) allow Defendant's interest to take priority over the Trustee's interest as a hypothetical intervening lien creditor.

Cases from other jurisdictions have applied the relation back provisions of § 9–317 of the UCC to motor vehicle liens, if the lien is perfected under the terms of the motor vehicle statute within the twenty day period. *See, In re Lockridge,* 303 B.R. 449 (Bankr.D.Ariz.2003)(lien noted on title, and thereby perfected, within twenty days); *Custer v. Amer. Honda Finance Corp.* 50 U.C.C.Rep.Serv.2d 608 (Bankr. N.D.Iowa 2003)(state law provided for perfection upon delivery of title application to clerk which was done within twenty days).

Additionally, comment 8 to C.R.S. § 4–9–317, states that "a person who perfects a security interest in goods covered by a certificate of title by complying with the perfection requirements of an applicable certificate-of-title statute 'files a financing statement' within the meaning of subsection (e)."

Thus, Defendant has met the requirements for application of 11 U.S.C. § 546(b)(1)(A). C.R.S. § 4–9–317(e) is a generally applicable law which permits perfection of a security interest to be effective against any entity that acquires rights in the property prior to the actual

---

**2.** "Lien Creditor" is defined in the UCC as "[a] trustee in bankruptcy from the date of the filing of the petition ..." C.R.S. § 4–9–102(52)(C)

date of perfection, and the Trustee's rights under 11 U.S.C. § 544(a) are subject to this relation-back statute. Defendant's security interest in the Vehicle takes priority over the intervening rights of the Trustee under 11 U.S.C. § 544(a), and Defendant is entitled to summary judgment on all of the Trustee's remaining claims.

Based upon this finding and in accordance with the parties' Joint Statement of Stipulated Facts and Law, it is hereby

ORDERED that the Defendant's Motion for Summary Judgment is GRANTED and judgment shall enter in favor of Defendant on all the Plaintiff's Second, Fourth, Fifth and Sixth Claims for Relief; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.