RONEY, Circuit Judge:
The sole issue on appeal is whether a financing statement, filed with the Florida Secretary of State by a creditor, perfected a security interest in certain property of the bankrupt debtor. The bankruptcy court *795 held the financing statement to be inadequate because it listed the debtor by the name in which it did business rather than its legal corporate name. The district court affirmed. Holding the debtor’s name used in the financing statement was not seriously misleading, we reverse.
The facts are not disputed. Prior to its bankruptcy, the debtor engaged in the manufacture and sale of boats in Florida. Although its legal corporate name was “Glas-eo, Inc.,” the debtor operated its business solely under the name, “Elite Boats, Division of Glaseo, Inc.”
Appellant, the Citizens Bank of Perry (“the bank”), was “floor planning” marine engines for the debtor. In 1977, in connection with this financing, the debtor executed promissory notes and a security agreement in the name of “Elite Boats, Division of Glaseo, Inc.” The bank, to perfect its security interest in the marine engines, timely filed a standard form UCC-1 financing statement with the Florida Secretary of State, as required by Florida law. The bank listed the debtor on the form as “Elite Boats, Division of Glaseo, Inc.” The form was signed at the bottom by an officer of the debtor, without any designation as to office, capacity or affiliation. A filing clerk in the Secretary of State’s office indexed this financing statement under the name listed, but did not cross-index it under “Glaseo, Inc.”
Later in 1977, the debtor filed for bankruptcy. The trustee in bankruptcy, appel-lee here, inquired of the Secretary of State whether any financing statements had been filed under “Glaseo, Inc.” Since the trustee did not request a search under “Elite Boats” or “Elite Boats, Division of Glaseo, Inc.” as well, the bank’s financing statement was not disclosed. With permission of the bankruptcy court and without notice to the bank, the trustee then sold the marine engines. The bank commenced this action against the trustee for the sale proceeds.
In granting the trustee’s motion for summary judgment, the bankruptcy court held the financing statement to be improper because it did not list the debtor by its legal name; “Glaseo, Inc.” The court further held the Secretary of State had no duty to cross-index the financing statement under the debtor’s legal name, and the trustee was not bound by its actual knowledge that the debtor did business as “Elite Boats, Division of Glaseo, Inc.” The district court affirmed. On appeal, the bank contends that (1) listing the debtor as “Elite Boats, Division of Glaseo, Inc.” was sufficient because it was not seriously misleading to future creditors; and (2) in any event, the Secretary of State should have cross-indexed under “Glaseo, Inc.”
To perfect a security interest in collateral, a creditor must file a financing statement which complies with the filing requirements of the Uniform Commercial Code, as adopted in Florida. Fla.Stat.Ann. §§ 679.9-401 et seq. (1966). The purpose of the filing system is to give notice to creditors and other interested parties that a security interest exists in property of the debtor. Owen v. McKesson & Robbins Drug Co., 349 F.Supp. 1327, 1334 (N.D.Fla.1972). Perfect accuracy, however, is not required as long as the financing statement contains sufficient information to “put any searcher on inquiry.” In re Excel Stores, Inc., 341 F.2d 961, 963 (2d Cir. 1965). See also In re Fowler, 407 F.Supp. 799, 802 (W.D.Okla.1975). The emphasis of the Uniform Commercial Code is thus on commercial realities rather than on corporate technicalities. Siljeg v. National Bank of Commerce, 509 F.2d 1009, 1012 (9th Cir. 1975). Section 9-402(5) reflects this emphasis by providing: “A financing statement substantially complying with the requirements of this . section is effective even though it contains minor errors which are not seriously misleading.” Fla.Stat.Ann. § 679.9-402(5) (1966). See generally In re Hammons, 614 F.2d 399, 405-06 (5th Cir. 1980).
The effect of errors in the listing of the debtor’s name has been the subject of extensive litigation. See generally Annotation, Sufficiency of Designation of Debtor or Secured Party in Security Agreement or Financing Statement Under UCC § 9-402, 99 A.L.R.3d 478-565 (1980). The decisions *796 appear generally to turn on the particular factual circumstances involved. The case here, then, must be judged on its own facts, with the focus on whether potential creditors would have been misled as a result of the name the debtor was listed by in the bank’s financing statement.
It is undisputed the debtor held itself out to the community and to creditors as “Elite Boats, Division of Glaseo, Inc.” Its checks, stationery, and bank account all bore the latter name. Apparently the same name was used in its bills, contracts and telephone listing, because there is no indication in the record the debtor ever used the name of just “Glaseo, Inc.,” or any other name. Thus, listing the debtor by the sole name in which it did business was not misleading, because any reasonably prudent creditor would have requested the Secretary of State to search under “Elite Boats” in addition to “Glaseo, Inc.” Of course, the trustee in bankruptcy is considered to be in the position of a hypothetical but prudent creditor. See, e. g., In re Federal’s, Inc., 553 F.2d 509 (6th Cir. 1977); In re Leichter, 471 F.2d 785 (2d Cir. 1972).
Siljeg v. National Bank of Commerce, 509 F.2d 1009 (9th Cir. 1975), is analogous. Sil-jeg involved a security interest in property of a corporate debtor which later merged into another company. The parties disputed whether the “true name” of the debtor was the pre-merger or post-merger name, for the purpose of determining the accuracy of the financing statement. In rejecting this focus of inquiry, the court held:
The issue to be determined is not the true name of the entity, but whether the filing was misleading. Filing under an assumed trade name is effective unless it is misleading .... It is likely that the ... corporation did business under only one name and it may well be that a filing under that name was not seriously misleading. 509 F.2d at 1012-13.
The court then remanded the case for consideration under this standard.
The trustee relies on several cases each involving an individual who is engaged in business under an assumed trade name. These cases generally hold that a financing statement listing only the trade name as the debtor will be insufficient to perfect a security interest effective against the individual. See, e. g, In re Leichter, 471 F.2d 785 (2d Cir. 1972); Citizens Bank v. Ansley, 467 F.Supp. 51 (M.D.Ga.1979), affirmed without opinion, 604 F.2d 669 (5th Cir. 1980). But see In re Platt, 257 F.Supp. 478 (E.D.Pa.1966). There is a crucial distinction, however, between these cases and the case here. In the former, a single debtor is necessarily held out to the credit community under two names, that of the individual and of the business. The individual’s credit for personal needs is unrelated to the business. A personal creditor would not necessarily be aware of the business or trade name, and thus may not discover security interests filed solely under the business name. In the present case, where the company does business only under one name, the opportunity for creditors to be misled is substantially reduced, even though that name is not the company’s “true name.” See Siljeg, supra, 509 F.2d at 1012.
We hold the listing of the debtor as “Elite Boats, Division of Glaseo, Inc.” rather than as “Glaseo, Inc.” was not seriously misleading. The financing statement was therefore in substantial compliance with the filing requirements under Florida law and was sufficient to perfect the bank’s security interest.
Because of our holding on the first issue presented by the bank, we need not decide whether the Secretary of State had a duty to cross-index the financing statement under “Glaseo, Inc.” A creditor who has complied with the filing requirements does not bear the risk of improper indexing by the Secretary of State. Official Comment to Section 9-407, Fla.Stat.Ann. § 679.9-407 (1966). See also In re Royal Electrotype Corp., 485 F.2d 394 (3d Cir. 1973); In re Fowler, 407 F.Supp. 799 (W.D.Okla.1975). Thus, the bank would have a perfected security interest whether or not the Secretary of State had breached a duty to cross-index.
REVERSED.