In re S & S MACHINERY,
INC., Debtor.

Bankruptcy No. 82–1455 BK–T–11.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 8, 1985.

Larry Foyle, Tampa, Fla., for debtor.

John K. Olson, Tampa, Fla., for Federal Deposit Ins. Corp.

Shirley C. Arcuri, Tampa, Fla., for Roberts S.R.T. Machine Tool, Inc.

Roger Whigham, Tampa, Fla., for Peoples Bank.

ORDER ON MOTION TO VALUE COL-
LATERAL AND DETERMINE
SECURED STATUS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER before the Court in this Chapter 11 case is the determination of the relative priority of security interests in certain equipment (collateral) owned by the Debtor, S & S Machinery, Inc. (S & S).

Three creditors, Peoples Bank of Hillsborough County (Peoples Bank), Roberts S.R.T. Machine Tool, Inc. (Roberts SRT) and the FDIC as successor in interest to Metropolitan Bank & Trust Company (Metropolitan), claim secured interests in the collateral. The interests relate to various pieces of equipment and are conflicting to some extent. All three claim priority.

In order to make an ultimate determination as to the extent and validity of these secured claims, it is necessary first to establish the relative priority of the secured interests. The facts pertinent to that determination are as follows:

In 1978, before the collateral was sold to S & S, Peoples Bank obtained a security agreement governing the collateral from Roberts SRT. Peoples Bank filed a financing statement covering the collateral and naming Roberts SRT as the debtor on November 20, 1978.

Sometime in 1980, Roberts SRT sold the collateral to S & S, the Debtor herein. In June 1980, Metropolitan obtained a security interest in the collateral from S & S. Metropolitan perfected its interest on June 13, 1980 by filing a financing statement covering the collateral and naming S & S as the debtor. On August 14, 1980, Roberts SRT took back a security interest in the collateral and on August 28, 1980, it filed a financing statement covering the collateral and naming S & S as the debtor.

On May 13, 1981, Peoples Bank filed a financing statement covering the collateral and naming S & S as the debtor.

Peoples Bank contends that its secured interest was created by its agreement with Roberts SRT, that it was perfected by fil-

ing the financing statement naming Roberts SRT as the debtor on November 20, 1978, and that by virtue of Fla.Stat. § 679.-306(2) its security interest continued, despite the sale of the collateral to S & S and its assumption of the obligation owed to Peoples Bank. Fla.Stat. § 679.306(2) provides that "Except where this chapter otherwise provides, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise...."

It is without dispute that Peoples Bank did not authorize the sale of its collateral and if Fla.Stat. § 679.306(2) provides for uninterrupted perfected security interest despite the sale, Peoples Bank would be correct in its assertion that its interest is first in priority, because it filed the original financing statement before either Metropolitan or Roberts SRT. Fla.Stat. § 679.-312(5)(a).

The FDIC contends that Peoples Bank's priority is determined not by the filing date of the first financial statement naming Roberts SRT as debtor, but by the filing date of Peoples Bank's second financing statement, naming S & S as debtor. FDIC acknowledges, as it must, that Fla.Stat. § 679.306(2) provides for continuity of a secured interest notwithstanding the sale under the present facts, but points to the distinction between the validity of a secured interest as between the debtor and the second party and its perfection and the enforceability of the security interest against third parties. FDIC's contention is that perfection of the security interest lapsed upon the sale and was perfected again on May 13, 1981, substantially later than both Metropolitan and Roberts SRT. In support of its contention, FDIC notes that Fla.Stat. § 679.306(2) relates only to the continuity of the secured interest.

The Uniform Commercial Code contains the identical provision for the continuity of the security interest, at § 9-306(2) and a separate provision for the continuity of perfection upon transfer by the debtor at

§ 9–402(7). § 9–402(7) provides that "....
A filed financing statement remains effective with respect to collateral transferred by the debtor even though the secured party knows of or consents to the transfer". That Code Section, as adopted by Florida in Fla.Stat. § 679.402(7), specifically omits that language from the subsection and does not otherwise address the continuity of perfection upon transfer. Although the comments to the Florida Code make no specific reference to the deleted provision, FDIC argues that the import of its exclusion is that the Florida Legislature did not intend filed financing statements to remain effective under such circumstances. The intent, argues FDIC, is to assist a prospective lender's determination of its priority in the collateral offered by the borrower. Such a requirement would be an undue burden on prospective lenders, the FDIC argues, because there is no centralized record of grantors and grantees by which prospective lenders can ascertain the chain of title of the collateral.

The FDIC also contends that its interest is superior to that of Roberts SRT because Metropolitan filed its statement two months before Roberts SRT, regardless of whether or not Roberts SRT qualified as a purchase money security interest. This is so, contends FDIC, because priority is established by the date of perfection, Fla. Stat. § 679.312(5)(a), and even if Roberts SRT's interest constituted a purchase-money security interest, the interest of Roberts SRT would be junior to the interest of Metropolitan because it failed to perfect its security interest within the ten-day grace period covering purchase-money security interests in equipment collateral as required by Fla.Stat. § 679.312(4).

 The question of whether perfection of a security interest properly perfected initially continues upon transfer of the collateral does not appear to have been settled by Florida case law. This Court is satisfied, however, that the Legislature's exclusion of the provision for continuity of perfection in § 679.402(7), otherwise adopted in other jurisdictions, indicates

that the Legislature intended that a filed financing statement should become ineffective upon sale unless there is a new filing because the financing statement fails to name the debtor, as required by Fla.Stat. § 679.402(1). Such an interpretation of the relevant Section is in keeping with Florida's intent to provide a filing system which gives reasonable notice to creditors and other interest parties that a security interest exists in property of the debtor by maintaining its central indexing system by the name of the debtor. *See Matter of Flasco, Inc.*, *C.A.*, 642 F.2d 793 (1981). Under the present facts, the perfected security interest created by the November 20, 1978 filing by Peoples Bank lapsed upon sale of the equipment to S & S Machinery.

Although the motion also sought valuation of the collateral, that issue was not addressed and is preserved for another day. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the security interest perfected by Metropolitan Bank & Trust Company and acquired by the FDIC as successor in interest is superior to the interest of both Roberts SRT Machine Tool, Inc. and Peoples Bank of Hillsborough County. It is further

ORDERED, ADJUDGED AND DECREED that the security interest of Roberts SRT Machine Tool, Inc., although junior to the interest of the FDIC, is superior to that of the Peoples Bank of Hillsborough County.