In re COLUMBUS TYPEWRITER COM-
PANY, INC., d/b/a Columbus
Business Machines, Debtor.

SENCORE, INC., Plaintiff,

v.

Jacob C. PONGETTI, Trustee for the Es-
tate of Columbus Typewriter Company,
Inc., d/b/a Columbus Business Ma-
chines, Defendant.

Bankruptcy No. 86–00445–BRC–EAS.
Adv. No. 86–0116.

United States Bankruptcy Court,
N.D. Mississippi.

June 29, 1987.

H.J. Davidson, Jr., Carter and Davidson, Columbus, Miss., for Sencore, Inc.

Jacob C. Pongetti, Trustee, Columbus, Miss., for Estate of Columbus Typewriter Co., Inc.

OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

This matter comes before the Court on the complaint to determine the validity and/or priority of liens filed by Sencore, Inc., hereinafter referred to as plaintiff or Sencore, against Jacob C. Pongetti, Trustee for the Estate of Columbus Typewriter Company, Inc., d/b/a Columbus Business Machines, hereinafter referred to as defendant or trustee; the parties having all agreed that the Court could decide this proceeding based exclusively on the pleadings filed herein, as well as, the respective memoranda of law; and the Court having considered same, hereby finds as follows, to-wit:

I.

The Court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(K).

## II.

Columbus Typewriter Company, Inc., d/b/a Columbus Business Machines, hereinafter referred to as debtor, formerly sold and repaired office equipment in and around the City of Columbus, Mississippi. Sencore, the plaintiff herein, sold the debtor certain test equipment which comprises the subject matter of this adversary proceeding. To secure the purchase price of the test equipment, the debtor executed a security agreement and financing statements in favor of Sencore which were filed with the Chancery Clerk of Lowndes County, Mississippi, and the Secretary of State of the State of Mississippi. However, rather than utilizing the debtor's correct legal name, i.e., Columbus Typewriter Company, Inc., which is required by MCA § 75-9-402, the recorded financing statements contained only the debtor's trade name, Columbus Business Machines.

On April 2, 1986, the debtor filed its voluntary Chapter 7 bankruptcy petition, and Jacob C. Pongetti, the defendant herein, who was appointed as trustee for the bankruptcy estate, took possession of the test equipment which had previously been sold by Sencore to the debtor. The trustee took the position that the lien existing in favor of Sencore was void because the debtor's trade name was utilized in the financing statements rather than its correct legal name. The trustee also asserted the "strong-arm clause" set forth in 11 U.S.C. § 544(a) to the effect that the hypothetical judicial lien conveyed therein permitted him to claim the equipment for the benefit of the creditors of the bankruptcy estate. The position advanced by the trustee prompted the filing of the complaint by Sencore, who contended that its lien was valid and properly perfected prior to the creation of the hypothetical judicial lien in favor of the trustee. For reference purposes, 11 U.S.C. § 544(a) is set forth as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists;

. . .

As set forth hereinabove, the factual issues in this proceeding are undisputed. The question to be resolved is whether the use of the debtor's trade name in the financing statements, which were properly recorded, was sufficient to perfect a lien superior to the perfected lien of the trustee which arose by operation of law at the time the bankruptcy petition was filed.

## III.

The relevant Mississippi statute that governs the method by which a debtor is to be identified and described in a financing statement is MCA § 75-9-402. This statute sets forth the formal requisites of a financial statement and reads, in pertinent part, as follows:

(1) A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor, and contains a statement indicating the types, or describing the items of collateral.

. . . .

(7) A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it

adds other trade names or the names of partners.

(8) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

Subsection (1) requires that the name of the debtors be placed on the financing statement. Subsection (7) outlines the specific requirements regarding the name of the debtor. These requirements state that if the debtor is a corporation, then the corporate name is all that is required on the financing statements for filing purposes. The creditor also has the option of adding the debtor's trade name or names on the financing statement. Subsection (8) is the saving provision that allows a financing statement which contains incorrect information to remain effective despite "minor errors which are not seriously misleading." It is these last two subsections that are important in the case at bar. The question thus becomes: is the debtor's trade name so materially different from its correct corporate name that creditors who search the Uniform Commercial Code (UCC) records under the debtor's corporate name would be unable to locate a financing statement filed under the debtor's trade name.

The one case found that addresses this question, applying Mississippi law, is *In re Hill*, 363 F.Supp. 1205 (N.D.Ms.1973). In *Hill*, the Bank of Mississippi filed a financing statement listing the debtor as "Carolyn's Fashions". However, the debtor was a sole proprietor by the name of Mary Carolyn Hill. Ms. Hill subsequently filed bankruptcy. The trustee, as he has done in this case, alleged that the financing statement was void because it did not give adequate notice of the security agreement executed by the debtor in favor of the bank. The bank contended that filing under a trade name was sufficient to give constructive notice of the security agreement to other creditors, thus putting them on inquiry notice that a security agreement did exist. The basis of the bank's argument was that the debtor was not known by her individual name, but by the aforementioned trade name which she had used for two years prior to the bankruptcy. The court, in its opinion, relied on the test set forth in *In re Leichter*, 471 F.2d 785 (2d Cir.1972). That case concerned an individual debtor by the name of Leichter, who executed a financing statement under his trade name, Landman Dry Cleaners. The court there posed the following test as relevant to the issue at bar:

> [w]ould a subsequent creditor looking under 'Leichter' be led to find the security interest filed and indexed under 'Landman'? We think not, even though Leichter did his business under the trade name. [citations omitted] ... *In re Thomas*, 466 F.2d 51 (9th Cir.1972). As the court there said 'If the debtor's name is not given, the purpose of the statutory scheme of requiring security interest to be perfected by filing a financing statement—to give notice to future creditors of the debtor—would be seriously undermined'. [footnote omitted] 466 F.2d at 52.

*Id.* at 787.

The court in *Hill* determined that filing under the debtor's trade name, Carolyn's Fashions, was not sufficient notice for a subsequent creditor conducting a UCC records search under the debtor's actual name, Mary Carolyn Hill. Mississippi has chosen to follow the line of cases holding that the burden of determining the correct name of the debtor is placed on the filing creditor. The subsequent searching creditor, who is without notice of the debtor's trade name(s), should only have to determine the debtor's true or correct corporate name in order to verify the validity and/or the priority of his security interest in the debtor's collateral.

If the debtor's trade name is sufficiently similar to its real or corporate name and therefore not seriously misleading, then perfection of the creditor's security interest should remain intact. *See, Matter of Hammons*, 438 F.Supp. 1143 (S.D.Ms.1977), *rev'd. on other grounds*, 614 F.2d 399 (5th Cir.1980).

### IV.

Sencore cites two Fifth Circuit cases which take a view somewhat contrary to that of *Hill*. *In re McBee*, 714 F.2d 1316 (5th Cir.1983) (applying Texas law) dealt with facts similar to the instant case. In *McBee*, the creditor filed under the debtor's trade name, Oak Hill Gun Shop, rather than the individual debtor's name and took a security interest in the debtor's inventory. A subsequent creditor, who supplied inventory, also took a security interest in the debtor's inventory along with other items and filed under the individual debtor's name, adding d/b/a Oak Hill Gun Shop as a part of the debtor's identity. Finally, after the business was sold to the individual making the first loan, another financing statement was obtained by a third creditor, listing the collateral as inventory among other things, and filed under the purchasing debtor's name, d/b/a Oak Hill Gun Shop. The court determined that *under Texas law*, filing under the debtor's trade name was sufficient to put subsequent creditors on notice of a security interest in collateral. The court adopted the reasonably prudent subsequent creditor test of *Matter of Glasco, Inc., infra*, i.e., "the critical inquiry in assessing whether a security interest is perfected is whether a reasonably prudent subsequent creditor would have discovered the prior security interest." At 1321. The court focused on the underlying purpose of the Uniform Commercial Code in requiring financing statements for the perfection of a security interest, i.e., to put the subsequent creditor on inquiry notice that a security interest in collateral exists. *Id.* However, *McBee* did not explain how the subsequent creditor, possessing only the debtor's true name (true defined as that name which the UCC requires to be put on financing statements, see, MCA § 75–9–402(7)), would be put on inquiry notice of a previous creditor's security interest if the financing statement was indexed solely under a trade name. Realistically, it cannot be explained because absolutely no notice is provided in that the searching creditor ordinarily would find nothing indexed under the debtor's true name.

Since *McBee* dealt with a Texas statute that had not been interpreted by court decisions, this Court finds that case distinguishable. *See McBee* at 1319 n. 4, 1322. The case is also distinguishable in that the subsequent creditors had *actual* notice that the debtor utilized a trade name because their financing statements contained the debtor's true name, as well as, the trade name.

Another case cited by Sencore in which the Fifth Circuit held that the filing of a financing statement under a trade name was sufficient for notice purposes was *Matter of Glasco, Inc.*, 642 F.2d 793 (5th Cir.1981) (applying Florida law). In that case, the debtor's corporate name was Glasco, Inc. Its trade name was Elite Boats, Division of Glasco, Inc. The creditor filed its financing statement under the debtor's trade name. The debtor thereafter filed for bankruptcy and the trustee asserted ownership of the property for the benefit of the estate's creditors. The court held that the case was to be "judged on its own facts with the focus on whether potential creditors would have been misled as a result of the name the debtor was listed by in the bank's financing statement." *Id.* at 796. The court first determined by which name the debtor held itself out to the community, i.e., Elite Boats, Division of Glasco, Inc. It then applied the "reasonably prudent subsequent creditor test" and found that such a creditor would have also searched under the debtor's trade name. Such a search is not mandated by the Uniform Commercial Code. The court took its analysis one step further and stated, "[o]f course, the trustee in bankruptcy is considered in the position of a hypothetical but *prudent* creditor." *Id.* (emphasis added) A cursory glance at 11 U.S.C. § 544(a) reveals no reference to "prudent" whatsoever. This case is distinguishable not only because it applied Florida law to the issue presented, but also because the trade name of the debtor clearly included a reference to its correct corporate name.

Coincidentally, both *McBee*, and *Glasco* hold that, *as a general rule*, the correct individual or corporate name on the financ-

ing statement, *rather than a trade name,* is what the Uniform Commercial Code requires.

Sencore also contends that a reasonably prudent subsequent creditor would have searched under both Columbus Typewriter Company, Inc., and Columbus Business Machines. The Court finds this argument unpersuasive for the reasons set forth hereinbelow.

## V.

 The Uniform Commercial Code requires that the debtor's corporate name be listed. In this case it was not. Once the determination is made that a different name was used on the financing statement, MCA § 75–9–402(8) is applied to determine whether the name used was seriously misleading. In considering this question, one must determine whether a person searching under Columbus Typewriter Company, Inc. would find or even pay attention to a financing statement filed under the name Columbus Business Machines.

The financing statement is recorded to provide notice to subsequent creditors that a security interest in property of the debtor exists. The filing creditor has a duty to determine the correct name of the person or corporation with whom he is dealing. To shift this burden exclusively to the subsequent searching creditor is unreasonable and unfair. Although the trustee in this case did not conduct a search of the Uniform Commercial Code records, he is not required to do so since his hypothetical lien arises by operation of law. The crux of this proceeding is whether the lien in favor of Sencore is valid against the subsequently *perfected* lien of the trustee. The tests discussed in the various cases cited in this Opinion are not dissimilar. The "bottom line" is whether the subsequent searching creditor is seriously misled by the trade name identification of the debtor, or whether he should have reasonably searched the UCC records under the debtor's trade name. The official comment to § 9–402 indicates that "[t]rade names are deemed to be too uncertain and too likely not to be known to the secured party or person

searching the record to form the basis for a filing system." The decision in this case is purely a "judgment call".

It is the opinion of this Court, therefore, based on the previous decision in this District, applying Mississippi law, that the use of the debtor's trade name, Columbus Business Machines, exclusively on the recorded financing statement is seriously misleading, and that a "reasonably prudent subsequent searching creditor" would not be put on inquiry notice that a lien in favor of Sencore was in existence. As such, the lien of Sencore is invalid and void as against the trustee in this case.

An Order will be entered consistent with this Opinion.