In re VITAL BREATHING PRODUCTS, INC., Debtor.

U.S. CYLINDERS, INC., Movant,

v.

VITAL BREATHING PRODUCTS, INC., Respondent.

Bankruptcy No. 87–08230.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 21, 1988.

Robert B. Silliman, Awtrey & Parker, Marietta, Ga., for movant.

Robert D. Schwartz, Clark & Smith, Atlanta, Ga., for respondent.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is the motion to lift stay brought by U.S. Cylinders, Inc. ("movant"). This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(G).

Movant and debtor have stipulated to the following facts for purposes of this motion:

On December 28, 1983, debtor purchased from movant 150 high pressure cylinders, Model No. HP–122, Serial Nos. 303454D–303603D, and 200 high pressure cylinders, Model No. HP–244, Serial Nos. BT06422—BT06621. Pursuant to this transaction, debtor executed a Note and Purchase Money Security Agreement acknowledging its debt to movant. Movant thus obtained a security interest in these cylinders. On January 18, 1984, movant filed a UCC–1 financing statement in the Superior Court of Cobb County, Georgia, covering these cylinders and naming "Universal Medical Supplies" as debtor.

On September 4, 1984, debtor purchased from movant 100 high pressure cylinders, Model No. HP–122, Serial Nos. 478219D–478318D, and 100 high pressure cylinders, Model No. HP–244, Serial Nos. BT–18378—BT–18477. Pursuant to this transaction, debtor executed a Note and Purchase Money Security Agreement acknowledging its debt to movant. Movant thus obtained a security interest in these cylinders. On September 14, 1984, movant filed a UCC–1 financing statement in the Superior Court of Cobb County, Georgia, covering these cylinders and again naming "Universal Medical Supplies" as debtor. The financing statements filed on September 14, 1984 and January 18, 1984 respectively are the only ones filed by movant asserting a security interest in the high pressure cylinders as described herein.

On March 28, 1975, debtor was incorporated under the laws of the State of Georgia as "Vital Breathing Products, Inc." Debtor has been incorporated under such name at all times subsequent to March 28, 1975. On or about September 4, 1981, debtor filed a trade name registration in the Superior Court of Cobb County, Georgia, registering "Universal Medical" as a trade name of Vital Breathing Products, Inc.

Debtor has advertised, and continues to advertise, in the yellow pages of the Marietta telephone directory under the name "Universal Medical." In addition, debtor's former business premises at 762 Church Street, N.E., Marietta, Georgia, bore a sign showing the name "Universal Medical." Neither the yellow pages advertisement nor the business sign makes any reference to debtor's corporate name. Debtor's business checks disclose the corporate name "Vital Breathing Products, Inc." and the trade names "Universal Medical" and "Breathing Remedies" thereon. Debtor's business invoices disclose the corporate name "Vital Breathing Products, Inc." and the trade name "Universal Medical."

## CONCLUSIONS OF LAW

Movant first argues that debtor's failure to file a written objection to movant's motion for relief from stay within the time period set forth in Bankruptcy Rule 4001(d)(2) resulted in the waiver of any objections that debtor had to movant's motion. Bankruptcy Rule 4001(d) provides in pertinent part as follows:

*AGREEMENT RELATING TO RELIEF FROM THE AUTOMATIC STAY*, PROVIDING ADEQUATE PROTECTION, USE OF CASH COLLATERAL, AND OBTAINING CREDIT.

(1) Motion; Service. A motion for approval of an *agreement* to provide adequate protection, *for the modification or termination of the stay provided for in*

*§ 362* . . . shall be served on any committee appointed under the Code or its authorized agent, or, if no committee has been appointed, on the creditors listed on the list filed pursuant to Rule 1007(d) and on such other entities as the court may direct. The motion shall be accompanied by a copy of the agreement.

(2) Objection. Notice of the motion and the time within which objections may be filed and served on the debtor in possession or trustee shall be mailed to the parties on whom service is required by paragraph (1) of this subdivision and to such other entities as the court may direct. Unless the court fixes a different time, objections may be filed within 15 days of the mailing of notice.

(3) Disposition; Hearing. If no objection is filed, the court may enter an order approving or disapproving the agreement without conducting a hearing. If an objection is filed or if the court determines a hearing is appropriate, the court shall hold a hearing on no less than five days' notice to the objector, the movant, the parties on whom service is required by paragraph (1) of this subdivision and such other entities as the court may direct.

Bankruptcy Rule 4001(d). (emphasis added.)

Obviously, this rule applies to situations when there is an agreement between the debtor and a creditor regarding relief from the automatic stay. The rule is designed to allow other parties in interest the opportunity to object to the proposed agreement. In the present case, Bankruptcy Rule 4001(d) does not apply because debtor and movant are not in agreement relative to relief from the stay.

■ In addition, the court would emphasize that a motion for relief from the automatic stay is a contested matter pursuant to Bankruptcy Rule 9014. That rule specifically provides that, in a contested matter, no response is required in answer to a motion. Thus, debtor was not required to file an objection to movant's motion for relief from the automatic stay. Movant's argument to the contrary is rejected.

■ The next issue involved herein is whether movant properly perfected its security interest by filing its financing statements only under the debtor's trade name ("Universal Medical")[1] rather than under the debtor's legal or corporate name ("Vital Breathing Products, Inc."). In this regard, O.C.G.A. Section 11–9–402(1) provides in pertinent part as follows:

A financing statement is sufficient if it gives the names of the debtor and the secured party . . .

Another relevant portion of that same statute, O.C.G.A. Section 11–9–402(7), states:

A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership, or corporate name of the debtor, whether or not it adds other trade names or the names of partners. . . .

In addition, O.C.G.A. Section 11–9–402(8) provides:

A financing statement substantially complying with the requirements of this Code section is effective even though it contains minor errors which are not seriously misleading.

With the foregoing in mind, the court must now determine whether movant's filing of financing statements under the debtor's trade name only rather than under the debtor's legal, corporate name was seriously misleading. Stated another way, the issue is whether the trade name is sufficiently similar to the corporate name so as not to be seriously misleading.

The Fifth Circuit considered this issue in *Brushwood v. Citizens Bank of Perry (In re Glasco, Inc.)*, 642 F.2d 793 (5th Cir. 1981), a 2–1 panel decision, and held that, under the facts of that case, listing the debtor under a trade name, instead of under its legal name, was not seriously misleading. 642 F.2d at 796. *See also National Bank of Texas v. West Texas*

---

**1.** Debtor's trade name is "Universal Medical." The financing statements at issue herein listed the debtor as "Universal Medical *Supplies.*"

*Wholesale Supply Co. (In re McBee)*, 714 F.2d 1316 (5th Cir.1983). Debtor's legal corporate name was "Glasco, Inc.;" however, debtor operated its business under the name "Elite Boats, Division of Glasco, Inc." The creditor in that case took a security interest in certain of debtor's property and filed a financing statement listing the debtor under its trade name rather than under its legal name. The Fifth Circuit considered whether this was sufficient to perfect a security interest. *In re Glasco*, 642 F.2d at 795–96.

The court first held that, in determining whether the name under which a financing statement was filed is sufficient to perfect a security interest, each case must be judged *on its own facts* with the focus on whether potential creditors would have been misled due to the name by which the debtor was listed in the financing statement. *In re Glasco,* 642 F.2d at 796. With that consideration in mind, the court then pointed out that debtor held itself out to the community and to creditors as "Elite Boats, Division of Glasco, Inc." (its trade name) and that its checks, stationery, and bank account also bore this same name. Further, the court stated that this same name was apparently used in debtor's bills, contracts, and telephone listing because there was no suggestion in the record that debtor ever used just its legal name, "Glasco, Inc.," or any name other than its trade name. The court thus held that the financing statement was not seriously misleading. *In re Glasco,* 642 F.2d at 796. As the court stated, "where the company does business under only one name, the opportunity for creditors to be misled is substantially reduced, even though that name is not the company's 'true name.' " *In re Glasco,* 642 F.2d at 796. [citing *Siljeg v. National Bank of Commerce,* 509 F.2d 1009, 1012 (9th Cir.1975) ].

On the other hand, the dissent in *In re Glasco* argued that filing under a trade name is insufficient to perfect a security interest. The dissent pointed out that, even if a creditor searching the filing records knew of the debtor's trade name, they would still be justified in searching only the records under the debtor's legal name because the terms of the UCC require no more than this. *In re Glasco*, 642 F.2d at 798. (Tuttle, J., dissenting).

As the dissent emphasized, UCC Official Comment # 7 to § 9–402 provides as follows:

Trade names are deemed to be too uncertain and too likely not to be known to the secured party or person searching the record, to form the basis for a filing system. However, provision is made in Section 9–403(5) for indexing in a trade name if the secured party so desires.

Further, the dissent expressed the following concern:

From now on in this Circuit, potential creditors must undertake to discover trade names and to conduct additional searches in order to avoid a judicial determination that they lacked diligence. And even if they follow such precautions they might yet overlook one trade name and face potentially expensive litigation over whether they should have known about that trade name.

*In re Glasco,* 642 F.2d at 798. (Tuttle, J., dissenting).

This court shares the concerns of the dissent in this regard. A subsequent creditor, like a trustee or a debtor-in-possession in bankruptcy, would not be led to the financing statement filed and indexed under debtor's trade name. *See Pearson v. Salina Coffee House, Inc.,* 831 F.2d 1531 (10th Cir.1987); *In re Swati, Inc.,* 54 B.R. 498 (Bankr.N.D.Ill.1985).

Although this court has its doubts regarding some of the majority's reasoning in *In re Glasco,* the court recognizes that it is bound by that decision.[2] However, the situation herein is distinguishable from that encountered by the Fifth Circuit in *In re Glasco.*

First, in *In re Glasco* the court stated that the record reflected that the debtor

---

**2.** Pursuant to *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981. *In re Glasco* was decided on April 15, 1981.

only used the name "Elite Boats, Division of Glasco, Inc." and there was no indication that debtor ever used just its legal name "Glasco, Inc." or any other name besides the trade name. The Fifth Circuit attached particular importance to this fact and emphasized that when a company does business under just one name, even though that name is not the company's actual name, the chance that creditors will be misled is greatly reduced. *In re Glasco*, 642 F.2d at 796. Thus, the court held the financing statement listing under that trade name was not seriously misleading.

In the present case, however, debtor used several different names in its dealings with the community. Its checks bore its legal name, "Vital Breathing Products, Inc.," as well as the trade names "Universal Medical" and "Breathing Remedies." Debtor's business invoices had its legal name and the "Universal Medical" trade name while its business sign and telephone directory advertisement bore the "Universal Medical" name. In addition, the financing statements were filed naming the debtor as "Universal Medical *Supplies*" (emphasis added), whereas debtor's registered trade name was actually "Universal Medical." Thus, it is obvious that, unlike *In re Glasco*, debtor did not do business under only one name.

The present case is further distinguishable from *In re Glasco*. In *In re Glasco*, the name in which debtor held itself out to its creditors and to the community, namely "Elite Boats, Division of Glasco, Inc.," was very similar to its actual legal name of "Glasco, Inc." On the other hand, in the instant case debtor's legal name, "Vital Breathing Products, Inc.," bears no similarity whatsoever to its registered trade name, "Universal Medical." In fact, the financing statements filed by movant list the trade name of the debtor with no reference whatsoever to the legal or corporate name of the debtor.

Filing a financing statement under a debtor's trade name may not of itself be insufficient to perfect a security interest if that trade name is substantially similar to the debtor's actual name, or, as in *In re Glasco*, when the debtor's trade name clearly includes reference to its correct corporate name. *See In re Swati, Inc.*, 54 B.R. at 501. Conversely, when the trade name is materially different from the debtor's actual name and the debtor uses both the legal and the registered trade name as well as another trade name ("Breathing Remedies"), as was the case here, filing the financing statement under the registered trade name only is insufficient to place other parties on inquiry notice. *See Pearson v. Salina Coffee House, Inc.*, 831 F.2d at 1533–34; *Van Dusen Acceptance Corp. v. Gough (In re Thomas)*, 466 F.2d 51, 52–53 (9th Cir.1972); *Sencore, Inc. v. Pongetti (In re Columbus Typewriter Co.)*, 75 B.R. 834, 836–38 (Bankr.N.D.Miss.1987); *In re Hinson and Hinson, Inc.*, 62 B.R. 964, 966–68 (Bankr.W.D.Pa.1986); *Pearson v. Salina Coffee House, Inc.*, 61 B.R. 538, 539–41 (D.Kansas 1986), *aff'd*, 831 F.2d 1531 (10th Cir.1987); *In re Swati, Inc.*, 54 B.R. at 501; *In re LFT, Ltd.*, 36 B.R. 411, 412–13 (Bankr.D.Hawaii 1984); *In re Amsco, Inc.*, 26 B.R. 358, 362–64 (Bankr.D. Conn.1982). This further serves to distinguish *In re Glasco* from the present case.

Finally, the court notes another distinction as illustrated by the following footnote from the dissent in *In re Glasco:*

> The Florida law, amended subsequent to the beginning of this case, provides that: "A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership, or corporate names of the debtor, whether or not it adds other trade names or names of partners." Fla.Stat.Ann. § 679.9–402(6) (West Supp.1980). Leading commentators have inferred that this provision would alter the result of [*In re*] *Platt* [257 F.Supp. 478 (E.D.Pa.1966)]: "With this provision on the books, the wise lawyer would advise Henry Platt and his creditors to use 'Henry Platt' as the name on the financing statement." White & Summers, *supra*, at 958. Although not the law in any state, the official comment to the revision behind this new Florida provision provides some insight on this situation: "Trade names are deemed to be too uncertain and likely

not to be known to be the basis for a filing system." UCC § 9–402, comment 7.

*In re Glasco,* 642 F.2d 793, 797, n. 1 (Tuttle, J., dissenting) (emphasis added).

As the footnote makes clear, the revision behind the Florida statute to which the UCC Official Comment pertained was not yet in effect at the beginning of that case. As a result, the Fifth Circuit majority apparently did not consider the import of that comment's emphasis that trade names are too uncertain and unlikely to be known to form the basis of a filing system. However, in the present case, Georgia has enacted the statute which the UCC Official Comment addresses, and that statute is applicable in the instant case. *See* O.C.G.A. Section 11–9–402(7). This court considers the comment and its view of trade names to be of importance and determines that its applicability herein further serves to distinguish the decision in *In re Glasco.*

Based on the foregoing discussion, the court concludes that the facts presented the court in *In re Glasco* are clearly different than the facts presented herein. Examining this case on its own facts and focusing on whether potential creditors would have been misled due to the trade name by which the debtor was listed in these financing statements (pursuant to the mandate of *In re Glasco*), the court concludes that the financing statements filed by this movant-creditor are seriously misleading.

In reaching this conclusion, the court notes that movant failed to perfect its security interest in the cylinders in compliance with O.C.G.A. Section 11–9–402(7) in that the financing statements do not show the legal, corporate name of the debtor. O.C.G.A. Section 11–9–402(8) provides that a financing statement that is in substantial compliance with the requirements of that section is effective even though it contains minor errors, provided that the errors are not seriously misleading. However, in the present case, there is a total dissimilarity between the trade name of this debtor, "Universal Medical," and the actual legal or corporate name of the debtor, "Vital Breathing Products, Inc." Further, the financing statements did not even use debtor's registered trade name; instead, they used a variation thereof, "Universal Medical *Supplies.*" [3]

The court thus concludes that the errors in the financing statements were seriously misleading and that potential creditors would have been misled due to the name by which the debtor was listed in the financing statements. *See In re Glasco,* 642 F.2d at 796. Accordingly, the court holds that movant's security interest in these cylinders was not properly perfected.

Pursuant to O.C.G.A. Section 11–9–301, an unperfected security interest is subordinate to the rights of a hypothetical lien creditor such as a trustee in bankruptcy or a debtor-in-possession.[4] Because movant did not properly perfect its security interest in the cylinders, the debtor-in-possession's rights as a hypothetical lien creditor under Section 544 of the Bankruptcy Code are superior to the rights of movant, who is relegated to the status of an unsecured creditor. *In re Swati, Inc.,* 54 B.R. at 504.

Based on the foregoing, the court concludes that movant is not entitled to have the automatic stay lifted. Accordingly, it is

ORDERED that U.S. Cylinders, Inc.'s security interest in the high pressure cylinders as described herein was not properly perfected, and it is

FURTHER ORDERED that U.S. Cylinders, Inc.'s motion to lift stay is DENIED.

IT IS SO ORDERED.

---

**3.** If debtor's corporate name were "Universal Medical" and the financing statement listed debtor as "Universal Medical Supplies," then this error, in and of itself, probably would be considered a minor error and not seriously misleading. *See In re Clairmont Pharmacy, Inc.,* 8

B.R. 695 (Bankr.N.D.Ga.1981). However, the court is not faced with that situation in the instant case.

**4.** This is a Chapter 11 case in which respondent is a debtor-in-possession.