## In re SIMPSON MOTOR COMPANY d/b/a Cornelia Car City, Debtor.

### Bankruptcy No. 87–20510.

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

June 14, 1989.

William L. Rothschild, Wildman, Harrold, Allen, Dixon & Branch, Atlanta, Ga., for movant.

Harmon T. Smith, Jr., Gainesville, Ga., for debtor.

ORDER GRANTING MOTIONS OF HABERSHAM BANK FOR RELIEF FROM AUTOMATIC STAY CONCERNING 'DISPUTED CARS'

MARGARET H. MURPHY,
Bankruptcy Judge.

On April 4, 1989, Habersham Bank ("Habersham") filed a motion (the "April Motion") for relief from the automatic stay to apply the proceeds of its sale of the debtor's automobiles known as the "Disputed Cars," as more fully described below, in the approximate amount of $10,000 (before interest). For the reasons set forth below, the Court grants that motion.

### A. BACKGROUND

Simpson Motor Company d/b/a Cornelia Car City commenced a voluntary Chapter 11 case in this court on October 1, 1987, and Mr. William Willson was appointed trustee in Spring, 1988. The pre-petition Debtor sold used cars, some of which Habersham financed. On October 15, 1987, Habersham filed its Motion of Habersham Bank for Relief from Automatic Stay (the "October Motion") and its Emergency Motion ... to prohibit Use, Sale, or Lease of Collateral without Adequate Protection, in which Habersham asserted a prior perfected security interest in much of the Debtor's inventory. On October 28 or 29, 1987, the then debtor-in-possession filed its Answer to Motion of Habersham for Relief from Automatic Stay and its Response to Emergency Motion of Habersham Bank, etc. Both documents concede the existence, perfection, and priority of Habersham's interest in most of Habersham's asserted collateral, but Paragraph 2 of each document asserts that a Habersham financing statement concerning some of the inventory was inadequate.

On October 29, 1987, Habersham and the debtor-in-possession reached an agreement whereby Habersham would repossess, sell, and account for all the debtor's inventory in which Habersham asserted an interest (the "Agreement"). The Agreement identi-

fied all asserted Habersham collateral and distinguished the collateral in which the debtor-in-possession conceded the validity, priority, and perfection of Habersham's security interest (the "Habersham Cars," listed on Schedule A to the Agreement) from the collateral in which the debtor-in-possession disputed the perfection of Habersham's security interest (the "Disputed Cars," listed on Schedule B to the Agreement).

By order dated October 30, 1987, and entered November 2, 1987 (the "November 2 Order"), the Court approved the emergency aspects of the Agreement under 11 U.S.C. §§ 362(f) and 363(e) and set the pending motions down for a final hearing if any objections were timely filed. The November 2 Order preserved the dispute over the adequacy of that financing statement by directing Habersham to "segregate and account for all proceeds of the sale of Disputed Cars in a separate account, from which no funds will be withdrawn pending further order of this Court." November 2 Order at p. 2.

On December 10, 1987, the Court held a final hearing concerning the Agreement, during which the Court heard evidence and argument concerning the perfection of Habersham's security interest in the Disputed Cars. By Consent Order dated December 10, 1987, and entered December 15, 1987, the Court approved the Agreement and preserved the dispute concerning the Disputed Cars.

The Disputed Cars are now fully liquidated. The April Motion is Habersham's request that the Court resolve the dispute by permitting Habersham to withdraw the proceeds of their sale and all accrued interest (the "Disputed Proceeds") and to apply those proceeds against Habersham's deficiency claim in this case. The April Motion was heard after proper notice on May 17, 1989, during which the Court invited further argument and evidence. Both Habersham and the Trustee argued; each rested on the evidence presented at the December, 1987 hearing and on the facts adjudicated in prior orders in this case.

## B. FINDINGS OF FACT

The following constitute findings of fact under Fed.R.Civ.P. 52, made applicable by Bankruptcy Rules 7052 and 9014:

1. Habersham's security interest in the Disputed Cars attached under a security agreement and a note both dated May 15, 1986.

2. The only evidence of perfection of Habersham's security interest in the Disputed Cars is a Uniform Commercial Code Financing Statement—Form 1, filed on or about September 16, 1986 (the "Financing Statement") with the clerk of the Superior Court of Habersham County.

3. The Financing Statement identifies the "Debtor" as "Cornelia Car City."

4. The debtor in this case was duly incorporated under the laws of the State of Georgia on October 1, 1980 under the name "Simpson Motor Company."

5. On September 1, 1982, the debtor filed a Trade Name Registration under O.C.G.A. § 10–1–490 with the clerk of the Superior Court of Habersham County registering the trade name "Cornelia Car City."

6. The sign on the debtor's establishment reads "Cornelia Car City."

7. All other indications of the debtor's name open to view at the debtor's business, including dealer tags and names on the debtor's equipment, read "Cornelia Car City."

8. All the debtor's advertising is in the name "Cornelia Car City."

9. The debtor's telephone listing is in the name "Cornelia Car City," and there is no listing for "Simpson Motor Company."

10. The debtor's checks are in the name "Cornelia Car City."

11. The Debtor's odometer mileage statements, vehicle invoices, sales orders, and inventory schedules are in the name "Cornelia Car City."

12. The Debtor's financial statements are in the name "Cornelia Car City."

13. The debtor endorses assignment of Georgia automobile titles as "Cornelia Car City."

14. The debtor receives bank drafts in payment of cars it sells at auctions in the name of the payee "Cornelia Car City, Inc."

15. The debtor does no business and conducts no transactions whatsoever except for the used car business conducted under the name "Cornelia Car City."

16. Debtor offered no evidence that any creditor other than Habersham knew that the legal corporate name of this debtor was Simpson Motor Company.

## C. DISCUSSION

This dispute arises under 11 U.S.C. § 544(b) and O.C.G.A. § 11–9–301(1)(b) and (3). If Habersham's attempt to perfect its security interest is insufficient then the trustee has a prior interest in the Disputed Proceeds.

A properly filed financing statement must contain the "names of the debtor and the secured party." O.C.G.A. § 11–9–402(1). A safe harbor is granted under O.C.G.A. § 11–9–402(7) as follows: "A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or names of partners."

In the case of *In re Glasco, Inc.*, 642 F.2d 793 (5th Cir. Unit B, April 15, 1981)[1] (binding as 11th Circuit precedent) holds under Florida law that a filing not in the corporate debtor's legal name was sufficient.[2] *Glasco* cites with favor *Siljeg v. National Bank*, 509 F.2d 1009 (9th Cir. 1975), which states at page 1012 that "the issue to be determined is not the true name of the entity, but whether the filing was

misleading. Filing under an assumed trade name is effective unless it is misleading[.]"

This Court concludes that a filing under a corporate debtor's trade name, different from its legal name, is not *per se* insufficient. As in *Glasco, supra*, 642 F.2d at 796, "[t]he case here, then, must be judged on its own facts, with the focus on whether potential creditors would have been misled as a result of the name the debtor was listed by in the bank's financing statement."

■ The Court concludes on the reasoning of *Glasco* that the financing statement in this case was sufficient, because any reasonably prudent creditor would have searched the records under "Cornelia Car City." The debtor did no business and had no existence other than as Cornelia Car City. Thus any potential creditor of the debtor would have been alerted to the name Cornelia Car City by asking virtually any threshold question concerning the purpose of the debtor's request for a loan or extension of credit or by making any contact with the debtor's place of business. Any potential creditor could have checked the trade names index at the same time and place as that creditor would have checked the financing statements index. Additionally, any potential creditor could have asked the debtor what trade names, if any, it used.

This Court does not conclude that a creditor must undertake all the acts set forth just above to demonstrate prudence. Instead, because any of these acts of prudence would have discovered the debtor's trade name, on the facts of this case, a creditor that took none of these acts would not have been prudent.

The Trustee raised three arguments that bear further response. First, in *Citizens*

---

**1.** *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981), renders decisions of the Fifth Circuit issued prior to September 30, 1981, binding precedent for the Eleventh Circuit.

**2.** In the recent case *U.S. Cylinders, Inc. v. Vital Breathing Products, Inc.*, 98 B.R. 97 (Bankr.N.D. Ga.1988), the bankruptcy court declined to follow *Glasco*. The court distinguished the facts in *Glasco* from the facts in *Vital Breathing Prod-*·

*ucts.* In the latter case, Debtor operated under several different trade names and included its corporation name on its checks and invoices. The *Vital Breathing Products* also relied on a change in the Florida law which occurred after the *Glasco* decision. The facts in the instant case, however, are much more similar to those in *Glasco*. This court, therefore, is bound by the *Glasco* decision.

*Bank v. Ansley,* 467 F.Supp. 51 (M.D.Ga. 1979), *aff'd without opinion,* 604 F.2d 669 (5th Cir.1979), and *In re Firth,* 363 F.Supp. 369 (M.D.Ga.1973), financing statements filed in debtors' trade names were held insufficient. However, both those cases involved individual debtors, not corporations. This Court adopts the *Glasco* court's reasoning, set forth at 642 F.2d at 796, that this distinction is "crucial." Additionally, both *Ansley* and *Firth* were decided before *Glasco.*

Second, the Trustee argues the debtor could have started another business under its legal name and a hypothetical creditor could have lent to that business. However, the standard before the Court concerns a hypothetical creditor based upon the real facts of the debtor's case, not surmises from it. Further, "the trustee in bankruptcy is considered to be in the position of a hypothetical *but prudent* creditor." *Glasco, supra,* 642 F.2d at 796 (citations omitted) (emphasis added).

■ Third, the Trustee notes that the Habersham security agreement indicates the debtor as "Simpson Motor Company d/b/a Cornelia Car City", and asserts that Habersham could have been more careful. (The note reads "Cornelia Car City d/b/a Simpson Motor.") The standard for perfection, however, is an objective standard based solely upon what strangers to the transaction can and should ascertain from the public record. Absent an argument that Habersham's filing of a financing statement in the debtor's trade name was so egregious as to breach its obligation of good faith under O.C.G.A. § 11–1–203—and no such argument was made in this case—Habersham's real or imputed knowledge is irrelevant.

Accordingly, the Court concludes, on the particular facts of this corporate debtor's total absence of existence or business under any name other than its trade name, that the financing statement filed in the debtor's trade name was sufficient.

### D. CONCLUSIONS OF LAW

The financing statement filed by Habersham to perfect its interest in the Disputed Cars was sufficient under the Uniform Commercial Code as enacted in Georgia to perfect Habersham's interest in the Disputed Cars. Habersham's interest in the Disputed Proceeds is prior to the estate's interest in the Disputed Proceeds, accordingly it is hereby

ORDERED that the April Motion is GRANTED; and it is further

ORDERED that the automatic stay of 11 U.S.C. § 362(a) is hereby modified to permit Habersham to draw down the Disputed Proceeds (including all earned interest) and apply those proceeds against its claim in this case.