**W.H. WILLSON, Jr.**

v.

**HABERSHAM BANK, et al.**

No. 2:89–cv–115–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Feb. 23, 1990.

Lamberth, Bonapfel, Cifelli & Willson, Atlanta, Ga., for appellant.

William Lee Rothschild, Atlanta, Ga., for Habersham Bank.

Harmon T. Smith, Jr., Gainesville, Ga., for Simpson.

## ORDER

O'KELLEY, Chief Judge.

This matter comes before the court on appeal from the bankruptcy court. The issue on appeal is whether the financing statement filed by Habersham Bank is sufficient to protect its interest in certain collateral (the "disputed cars") under Georgia law. The bankruptcy court held that the bank's financing statement was sufficient even though it was filed under the debtor's trade name, "Cornelia Car City," rather than its legal name, "Simpson Motor Company." The bankruptcy court's ruling was based on *In re Glasco, Inc.*, 642 F.2d 793 (5 Cir. Unit B, 1981) (binding as 11th Circuit precedent under *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir.1981)). *In re Glasco*, applying Florida law, held that a financing statement filed only under a corporate debtor's trade name was sufficient where the debtor did business only under the trade name. The court, after reviewing the record and the law, affirms the decision of the bankruptcy court.

The appellant argues that an amendment to the Florida statute subsequent to *In re Glasco* would render a filing under a corporation's trade name insufficient. Since Georgia's filing statute is identical to the Florida statute, as amended, the appellant argues that it was improper for the bankruptcy court to rely on *Glasco*. The appellant also contends that, if *Glasco* is applicable, filing under the trade name in the case

at bar is fatally defective because it bears no similarity to the legal name. Finally, the appellant urges the court to find that *Glasco* is bad precedent and hold that a financing statement must be filed under the legal name to perfect the creditor's interest.

The court finds that *In re Glasco* is controlling and that the bankruptcy court correctly applied *Glasco* to the facts of the instant case. In reaching this decision, the court made a de novo review of issues of law and reviewed factual findings under a clearly erroneous standard. Bankr.Rule 8013.

▪ This court is bound by the ruling of *In re Glasco* unless the law has changed since the case was decided. The only changes have been that Florida passed a statute identical to UCC § 9–402(7) and O.C.G.A. § 11–9–402(7). These statutes read, in pertinent part, that:

> [a] financing statement sufficiently shows the name of the debtor if it gives the individual, partnership, or corporate name of the debtor, whether or not it adds other trade names or the names of partners.

The statutes provide that it is sufficient as a matter of law to file in the legal name, but do not state that filing under a trade name is insufficient. Though the appellant urges the court to follow the view of the UCC comment, which provides that "[t]rade names are deemed to be too uncertain and too likely not to be known to the secured party or persons searching the record, to form the basis for a filing system," the comment is not the law. *In re*

*Glasco*, 642 F.2d at 797. Further, this comment only discusses the adequacy of filing under a trade name where the debtor is an individual or partnership, rather than a corporation.[1]

If the Georgia legislature intended that a filing under a trade name would be per se insufficient, it could have written the statute accordingly. The amendment which added the language of subpart (7) to the UCC was passed in 1972. "Before this amendment much debate centered on whether the debtor's "true name" or trade name was sufficient within the meaning of subpart (1).[2] *In re Ballard,* 100 B.R. 526, 531 n. 8 (Bankr.D.Nev.1989). Since this issue was controversial, the Georgia legislature could have provided that the legal name was required when it adopted the amendment to subpart (7). However, the Georgia statute tracks the language of the UCC and merely provides that the legal name is sufficient. Because subpart (7) does not require the use of the legal name, Florida's adoption of UCC § 9–402(7) would have no bearing on the analysis set forth in *In re Glasco* to determine whether filing under a trade name protects the creditor's interest in the collateral.

▪ The test set forth in *In re Glasco* is "whether potential creditors would have been misled as a result of the name the debtor was listed by in the bank's financing statement." *In re Glasco,* 642 F.2d at 796. Where a company does business only under one name, as in the case at bar, a reasonably prudent creditor would have requested a search under the trade name as well as

---

1. The legal nature of the debtor has been recognized by the courts as a crucial distinction. The only cases applying Georgia law which have addressed the adequacy of filing under a trade name have considered this issue where the debtor is an individual. *See In re Leichter,* 471 F.2d 785 (2nd Cir.1972); *Citizens Bank v. Ansley,* 467 F.Supp. 51 (M.D.Ga.1979), *aff'd,* 604 F.2d 669 (5th Cir.1980). The significance of this distinction was explained by the *Glasco* court as follows:

> [A] single debtor is necessarily held out to the credit community under two names, that of the individual and of the business. The individual's credit for personal needs is un-

related to the business. A personal creditor would not necessarily be aware of the business or trade name, and thus may not discover security interests filed solely under the business name.... [W]here the company does business only under one name, the opportunity for creditors to be misled is substantially reduced, even though that name is not the company's "true name."

*In re Glasco, Inc.,* 642 F.2d at 796.

2. Subpart (1) reads: "A financing statement is sufficient if it gives the names of the debtor and the secured party...." UCC § 9–402(1); O.C.G.A. § 11–9–402(1).

the legal name. *Id.* The appellant, a trustee in bankruptcy, "is considered to be in the position of a hypothetical but prudent creditor." *See Id.* Thus, under the standard which the court is bound to follow, the bank's filing under the trade name is sufficient. The fact that the bank knew the legal name, but decided not to file under it, is irrelevant. *In re Glasco* does not address whether the creditor knew the legal name and the ruling does not turn on that issue. Rather, the court was concerned with the fact that "[t]he purpose of the filing system is to give notice to creditors and other interested parties that a security interest exists in the property of the debtor." *Id.* at 795. The court decided that where a company does business only under one name, a reasonably prudent creditor would check the trade name to determine the status of any loans it would make to the debtor.

For the foregoing reasons, the court affirms the decision of the bankruptcy court. Since the corporate debtor did business only under one trade name, filing the financing statement in the trade name was sufficient to perfect the bank's security interest in the disputed cars.

IT IS SO ORDERED.